A. Franklin Mahoney, J.
This article 78 proceeding seeks to annul a decision of the Commissioner of Education which denied tenure to petitioner. The Board of Cooperative Educational Services (BOCES) was also named a party respondent. In the court’s view, BOCES was incorrectly made a party, but, upon request, was permitted to file a memorandum of law in support of the cross motion of the Department of Education to dismiss the petition.
In June, 1965 petitioner was appointed Director of the Four County Vocational Educational Program, a committee-like body created to study the vocational needs of the four Counties of Albany, Schenectady, Rensselaer and Schoharie. On or about June, 1966 petitioner formally received a three-year probationary appointment as Director of Vocational Education for BOCES. On April 30, 1969 petitioner was formally notified *714 that he would not be granted tenure and that his services would be terminated as of July 1, 1969.
It is the contention of petitioner that at all times during his first year of employment as Director of the Four County Vocational Educational Program he spent the majority of his time as Director of Vocational Education for BOCES; that he was paid by BOCES and that body in all respects acted as his employer. Thus, the argument continues, he was a four-year employee as Director for BOCES and therefore entitled to tenure by acquiescence or estoppel* and that the decision of the Commissioner of Education was illegal and, consequently, so freighted with arbitrariness as to require reversal.
While the Court concurs with petitioner’s argument that the Four County Vocational Educational Program is not a statutory entity and is, therefore, without power to employ, it cannot accept the conclusion that petitioner was, therefore, a four-year employee of BOCES. He was an employee but he was not a probationary employee pursuant to section 3014 of the Education Law. That section explicitly directs that employment of the nature performed by petitioner shall be staffed by personnel “ appointed by a majority vote of the board of cooperative educational services upon the recommendation of the district superintendent of schools for a probationary period of five years ”, The petitioner was not so appointed until June of 1966, at which time he was formally advised that he would serve a three-year probationary period. Sixty days prior to the expiration of that term he was notified that he would not be granted tenure. (Education Law, § 3014, subd. 2.)
Studies of the kind undertaken by the Four County Vocational Educational Program are encouraged by the Federal Government which has legislated to aid the various States in this area. Congress has appropriated funds for this purpose and New York, pursuant to sections 290 and 291 of the Education Law, has agreed to participate and has designated the State Commissioner of Taxation and Finance and the State Comptroller as joint custodians of the moneys paid to this State for this purpose. Committees or study groups created by the respondent board (BOCES) to conduct experimental programs and to report on their results are not permanent agencies staffed by permanent employees or employees accumulating time toward tenure. They are temporary bodies which cease to exist when the purpose for which they were created is at an end.
*715 The petitioner was a temporary employee of such a body and as such acquired no probationary time which can be credited to tenure during the year 1965-66. The respondent board was within its authority (Education Law, § 3014) in denying him tenure and the Commissioner of Education did not act illegally or arbitrarily in confirming, by decision, the act of said board.
The petition is dismissed.

 Section 3014 of the Education Law provides for a probationary period of not to exceed five years. The Education Department elected three years as its standard.