■ In the Matter of MEYER MARKON, Appellant, v GORDON M. AMBACH et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered July 27, 1975 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Acting Commissioner of Education and to award petitioner tenure as an assistant principal and back salary. The petitioner, a tenured teacher at Enrico Fermi High School in Brooklyn, was assigned in October, 1965 by his principal to perform the duties of an "acting assistant principal". Subsequently, he passed an examination for the position of assistant principal and, during July, 1969, his name was placed on the appropriate eligible list for this position. Petitioner does not allege, and it does not appear from the record, that he ever received a license as an assistant principal or that he was ever appointed to the position by the respondents Board of Education of the City of New York (Board of Education) or Local Board No. 16 of the City of New York (local board). After his requests had been denied by the respondents, board of education and local board, the petitioner appealed to the New York State Commissioner of Education seeking tenure as an assistant principal and back salary for service in such position since October, 1965. By determination dated July 31, 1974, the respondent Acting Commissioner, citing *Matter of Board of Educ. v Nyquist* (31 NY2d 468), dismissed the appeal stating that "Since petitioner has not received an appointment from the respondent board [the respondent Board of Education herein] as required by section 2573 [Education Law], he is not entitled to tenure or the salary for the position of assistant principal". Special Term affirmed this determination in the ensuing article 78 proceeding, and we agree. In *Matter of Board of Educ. v Nyquist (supra)*, the Commissioner of Education had granted tenure to a person who, although she had served as "acting" principal of a New York

City public school for some 11 years, had not passed the required examination for licensing as principal. The person seeking tenure, and the Commissioner of Education, as does the petitioner herein, claimed "tenure by estoppel" in that she had served a probationary term longer than that required by section 2573 of the Education Law. In rejecting this argument, the court stated: "The Commissioner's reliance upon the tenure provisions of section 2573 of the Education Law is misplaced. Although persons who have served a probationary term—of which the maximum is three years—in a position to which they have been *appointed* are thereupon 'entitled to receive permanent appointments' and the tenure which attaches thereto (subd. 5), an appointment may only be made by the Board from an eligible list of those who have passed a competitive examination. The temporary appointment in an 'acting' capacity of a person who has not passed such an examination * * * is not the 'appointment' envisaged by section 2573; it is nothing more than an assignment, accepted voluntarily, in which there has been no exercise of an appointing power by the Board." *(Matter of Board of Educ. v Nyquist, supra,* pp 473-474.) Although the instant case is to some extent distinguishable in that subsequent to his assignment as assistant principal the petitioner did pass the examination, the fact remains that he was never "appointed" to the position by either respondent board of education or the respondent local board (Education Law, § 2573, subds 1, 5). His service, therefore, as assistant principal amounted only to "an assignment, accepted voluntarily, in which there has been no exercise of an appointing power by the Board" *(Matter of Board of Educ. v Nyquist, supra,* p 474). As such, his service in the position, regardless of its duration, did not entitle him to tenure under section 2573 of the Education Law. Judgment affirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Main and Larkin, JJ., concur.