In the Matter of THE BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF ONEIDA, Respondent, v EWALD B. NYQUIST, as Commissioner of Education of the State of New York, et al., Appellants.

Third Department, August 4, 1977

*Robert Stone (Norman H. Gross* of counsel), for Ewald B. Nyquist, appellant.

*Bernard F. Ashe (Gerard John De Wolf* of counsel), for Mary Lou Durr, appellant.

*Santry, Nemeti & McDermott (Robert F. McDermott* of counsel), for respondent.

LARKIN, J. In January, 1972 Ms. Durr began teaching in the petitioner's school district in a position funded under the Emergency Employment Act of 1971 (EEA) (US Code, tit 42, § 4871 *et seq.,* as amd by US Code, tit 29, § 841 *et seq.),* a Federal program designed to provide jobs during times of high unemployment. It appears from the record that at the time Ms. Durr assumed her duties there was no vacancy in the teaching staff and no new position was created or authorized by the petitioner board. From January, 1972 to January, 1973, the period in question, Ms. Durr was required to perform substantially the same or similar duties and received compen-

sation comparable to similarly qualified teachers in the district.

By letter dated January 24, 1973, petitioner informed Ms. Durr that she was "appointed as teacher for a probationary period of five years beginning 1/29/73 in the following tenure area: Reading". Her employment was continued until she was notified, by letter dated November 25, 1975, that she was not being recommended for tenure. Thereafter, Ms. Durr appealed to the appellant Commissioner of Education, contending that she had acquired tenure by virtue of her continuous employment since January, 1972 (the probationary period for teachers was shortened from five to three years by the enactment of L 1974; ch 735, § 1 [Education Law, § 2509, subd 1, par (a)]). The commissioner ruled in favor of Ms. Durr and petitioner commenced the instant proceeding. Special Term, by decision dated October 5, 1976, reversed the commissioner's determination, finding that "[w]hen [Ms. Durr] commenced her employment under EEA she was not an employee of the petitioner Board and did not become such by an affirmative or contractual act of the Board until January 29, 1973". *(Matter of Bd. of Educ. of City School Dist. of City of Oneida v Nyquist,* Supreme Ct, Albany County, Oct 5, 1976, CASEY, J.). We agree with Special Term.

Section 2509 (subd 1, par [a]) of the Education Law provides in part, that "[t]eachers * * * shall be *appointed* by the board of education, upon the recommendation of the superintendent of schools, for a probationary period of three years" (emphasis supplied). Subdivision 2 of section 2509 of the Education Law provides that "[a]t the expiration of the probationary term of any persons *appointed* for such term, or within six months prior thereto, the superintendent of schools shall make a written report to the board of education recommending for appointment on tenure those persons who have been found competent, efficient and satisfactory" (emphasis supplied). The relevant statutes clearly envision that teachers be "appointed" to a probationary period and that tenure be granted to those so "appointed" whose services have been found to be satisfactory during the probationary period. In the instant case, there was no such appointment to probationary status until the letter dated January 24, 1973.

While it is well settled that a board of education cannot subvert the tenure statutes by filling a permanent vacancy with the appointment of a "temporary", in contrast to a

"probationary" employee *(Matter of Board of Educ. of Cent. School Dist. No. 2 v Allen,* 12 NY2d 980), in the instant case the record reveals that in January, 1972 the petitioner's district had no permanent vacancy for a reading teacher and petitioner did not appoint Ms. Durr to serve in any capacity, whether temporary or permanent. She owed her position and salary for the year 1972 to an act of the United States Congress and not to the petitioner.

In *Matter of Fila v Nyquist* (63 Misc 2d 713), the court considered the claim of a petitioner who had served for one year as Director of the Four County Vocational Education Program, a Federally funded committee-like body created to study the vocational needs of four up-State counties. At the conclusion of the first year, petitioner received a formal appointment by the Board of Cooperative Educational Services (BOCES) as Director of Vocational Education for BOCES, but prior to the expiration of the three-year probationary period (Education Law, § 3014), he was formally notified that he would not be granted tenure. Rejecting petitioner's argument that because of his service as director of the four county program he was a four-year employee of BOCES and entitled to tenure by estoppel, the court pointed out that during such period he was merely a temporary employee of a temporary body which would cease to exist when the purpose for which it had been created had ended. Similarly, in the instant case, during her year of Federally funded employment under the EEA, Ms. Durr was merely a temporary employee who owed her position to a temporary program which owed its existence entirely to continued funding by Congress. As with the petitioner in *Matter of Fila v Nyquist (supra),* her probationary period under the applicable tenure statute did not commence until she received a formal appointment to fill a permanent vacancy by the board having such authority (see Education Law, §§ 2509, 3014; see, also, *Matter of Board of Educ. of City of N.Y. v Nyquist,* 31 NY2d 468; *Matter of Markon v Ambach,* 58 AD2d 666).

We agree with Special Term that it would be quite inconsistent to require the petitioner board to accept Ms. Durr as a tenured teacher when her original employment depended upon the financial inability of petitioner to provide for such a position. Such employment, resulting from the participation of the school district in a Federal program, presumably of benefit to Ms. Durr as well as to the district, should not now be used

as a trap requiring petitioner to employ her indefinitely as a tenured teacher.

The judgment should be affirmed, without costs.

GREENBLOTT, J. P. (dissenting). I dissent. The court at Special Term and the majority have laid great emphasis on the requirement that there had to have been an "appointment" in January of 1972, and then proceeded to find that there was not one. Their approach exceeds the statutory scope of review which is limited to determining whether or not the factual finding by the commissioner that there was an appointment has a reasonable basis.

In my view the commissioner's findings, as set forth in his well-reasoned opinion, have a sound and reasonable basis in the facts of this case, his interpretation of relevant statutes, and in logic. The commissioner has based his finding of an appointment by petitioner Board of Education on the finding of an employer-employee relationship between petitioner and Mary Lou Durr during the period in question, to wit, January, 1972—January, 1973, and there can be no disputing the commissioner's finding that petitioner exercised supervision, direction and control over Mary Lou Durr's activities and retained the right to terminate her at any time. As the commissioner noted, Mary Lou Durr, during the period in question, was required to report to the same supervisory personnel as other reading teachers in the district, received her teaching assignments from the same personnel, was evaluated and observed in the classroom by school district personnel, was required to attend the same faculty meetings and conferences as other teachers, and was given various other assignments. These factors clearly provide a rational basis for the conclusion that petitioner, and not the Federal Government as indicated by the majority, was the employer.

The majority also places great emphasis upon a finding that petitioner's school district had no permanent vacancy for a reading teacher, and refers to petitioner's "financial inability * * * to provide for such a position". The majority ignores, however, the wealth of precedent as set forth in the commissioner's decision, in support of the view that "temporary" appointments are prohibited. Without reiterating the legal basis for this conclusion, with which I am in full agreement, I think it sufficient to simply point out that a position was in fact created by petitioner at such time as funding became available, and no basis has been presented in law, statutory or

otherwise, for permitting the petitioner to have denied Durr the protections of the Education Law on the ground that petitioner has failed to formally designate a position as permanent. To hold otherwise would encourage budgetary manipulations so as to do away with "permanent" positions, thereby empowering boards of education to unilaterally lengthen probationary periods contrary to law.

The courts should not take it upon themselves to interfere with a rational determination of the commissioner finding tenure to have been acquired where a teacher has served, apparently satisfactorily, for *more* than three years, and is then confronted with an attempt by a board of education, on the basis of a formalistic technicality, to deny her the protections intended to be available under the Education Law. Even the majority concedes the validity of the principle that tenure statutes cannot be subverted by "temporary" employments.

*Matter of Markon v Ambach* (58 AD2d 666), cited by the majority, actually supports the proposition that determinations of the commissioner in this area are not to be lightly overturned. Otherwise, *Markon,* and the other cases relied on by the majority, are distinguishable upon their facts. *Markon* dealt with an employee who was actually appointed to a particular position but claimed tenure based upon the performance of out-of-title duties which normally came within the scope of another position. In *Matter of Board of Educ. of City of N. Y. v Nyquist* (31 NY2d 468), the commissioner's determination was overturned because he had exceeded his lawful authority by attempting to effectuate the appointment of an individual who lacked the requisite legal qualifications for the position. *Matter of Fila v Nyquist* (63 Misc 2d 713) was decided by the commissioner, as a careful reading of his decision indicates, upon facts involving successive periods of employment by different employers. *(Matter of Fila,* 9 Ed Dept Rep 83.) The first year of Fila's employment was by an entity consisting of two separate boards of cooperative educational services, while his probationary employment thereafter was by one of the two boards which had comprised the entity by which he had previously been employed. Here, by contrast, Mary Lou Durr was employed throughout by petitioner Board of Education. In neither *Fila,* nor in the present case, was there any employment by the United States or any instrumentality thereof.

To reiterate, the commissioner has determined that once

Mary Lou Durr had served in fact for three years under petitioner's jurisdiction, supervision, direction and control, the statutory requirement of a three-year probationary period had been fulfilled. The petitioner does not dispute the applicability, in a proper case, of the doctrine of tenure by estoppel where a school teacher is employed for more than three years without any negative action upon his or her attainment of tenure. I do not believe that the commissioner has abused his discretion in finding this to be an appropriate case for application of the doctrine, and thus, I conclude that Special Term, as well as this court, lacks authority to overrule his determination.

MAHONEY, MAIN and HERLIHY, JJ., concur with LARKIN, J.; GREENBLOTT, J. P., dissents and votes to reverse in an opinion.

Judgment affirmed, without costs.