■ In the Matter of MURIEL FEINERMAN, Appellant, v BOARD OF COOPERATIVE EDUCATIONAL SERVICES OF NASSAU COUNTY et al., Respondents. —In a proceeding pursuant to CPLR article 78, *inter alia,* to direct petition-

er's reinstatement to the position of teacher *nunc pro tunc* as of June 30, 1976, with full back pay and benefits, petitioner appeals from a judgment of the Supreme Court, Nassau County, entered June 24, 1977, which dismissed her petition. Judgment modified, on the law, by adding thereto, after the word "dismissed", the following: "except that petitioner is awarded 60 days back pay." As so modified, judgment affirmed, without costs or disbursements. Petitioner was employed by respondent Board of Cooperative Educational Services of Nassau County (BOCES) for two and one-half years as a teacher of business subjects in its adult occupational education program, which program was wholly dependent upon Federal funding. Effective June 30, 1976, her employment was terminated and her position abolished. Petitioner had been employed pursuant to individual contracts which provided for a per diem wage and that "There is no tenure with this position." She claims, however, that her appointment was not a "temporary" one since funding is irrelevant and the Education Law prohibits BOCES from making anything other than a probationary appointment to a new or vacant position, which prohibition may not be waived; that there is only one vertical tenure area covering teachers of business subjects for BOCES; and that BOCES, therefore, violated section 2510 of the Education Law when it dismissed her while retaining two teachers of business subjects in the secondary school program (the two individual respondents herein) who had less seniority than herself. Although we agree with Special Term's determination to deny reinstatement, we disagree with its reasoning. The Commissioner of Education has consistently ruled that the source of funds utilized to finance a teaching position has no bearing upon the teacher's right to be afforded protection under the various tenure statutes, and that there is no legal authority for a "temporary" appointment, as opposed to a probationary appointment, to a new or vacant position (see, e.g., *Matter of McPhillips*, 13 Ed Dept Rep 95; *Matter of Haj*, 14 Ed Dept Rep 111; see, also, Education Law, § 3014). Those courts which have had occasion to consider this proposition have agreed (see *Matter of Board of Educ. v Nyquist*, 59 AD2d 76, 77-78; *Matter of McNamara v Board of Educ.*, 54 AD2d 467, 472). Having been formally appointed by BOCES to a new or vacant full-time position in its adult occupational education program on February 14, 1974, and on an annual basis thereafter, and having served in a program which has apparently existed for many years, is statutorily authorized (see Education Law, § 4602) and is geared, in part, to qualify for funds under the Federal Vocational Education Act of 1968 (8 NYCRR 141.3, 141.6), we find that petitioner's position was, in law, tenure-bearing and that her appointment must therefore be deemed to have been one for a probationary term (cf. *Matter of Board of Educ. v Nyquist, supra,* where the Third Department affirmed a judgment annulling the commissioner's finding of tenure by estoppel, the teacher having commenced her service in a position funded under the Federal Emergency Employment Act of 1971, without a concomitant appointment by the board of education in any capacity or the existence of any permanent vacancy in the teaching staff; see, also, *Matter of Fila v Nyquist,* 63 Misc 2d 713, where the teacher served for a time as an employee of a temporary committee-like body created by BOCES to study the vocational needs of four upstate counties). The fact that BOCES denominated the position as nontenure-bearing in petitioner's individual contract and similarly categorized positions in this program in a collective bargaining agreement is of no effect, as BOCES cannot legally contract to evade the provisions of the laws with regard to tenure. It also appears that the special subject or vertical tenure area of occupational business education and

distributive occupation subjects (see 8 NYCRR 30.3, 80.5) spanned both the secondary school program and the subject adult occupational education program. Contrary to BOCES' assertions, the adult daytime occupational program apparently falls under the regulations dealing with "Occupational Education" (8 NYCRR 141.1 *et seq.)* and not under those dealing with "Adult Education" (8 NYCRR 161.1). The former provide that such programs and instruction shall be of high school grade and conducted by persons meeting established certification requirements (8 NYCRR 141.4, 141.5 [d] [f]). Thus, the licensing qualifications are the same. Petitioner concededly holds a certificate qualifying her to teach business at the secondary school level. Nevertheless, and under all of the circumstances of this case, we believe that reinstatement was properly denied. The fact remains that had petitioner received the probationary appointment to which she was entitled in 1974, she still would have been subject to termination upon recommendation of the superintendent and vote of the board. We note in this connection that petitioner does not contend that she was deprived of the benefit of the procedures outlined in section 3031 of the Education Law, and have therefore not reached that issue. Petitioner should be awarded the 60 days' salary she would otherwise have received if dismissed in accordance with her status as a probationary teacher. Martuscello, J. P., Damiani, Shapiro and O'Connor, JJ., concur.