■ In the Matter of FLORENCE GROSS, Appellant, v BOARD OF EDUCATION OF THE ELMSFORD UNION FREE SCHOOL DISTRICT, Respondent, and ALICE MOFFATT et al, Added Respondents. — In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the respondent board of education to reinstate petitioner as a full-time tenured teacher in the Elmsford Union Free School District, *nunc pro tunc,* petitioner appeals from a judgment of the Supreme Court, Westchester County (Daronco, J.), entered December 18, 1981, which dismissed the proceeding. Judgment reversed, without costs or disbursements, and matter remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith. Effective June 24, 1977, the respondent board of education abolished one remedial reading position and advised petitioner that her services were terminated. Petitioner was rehired for the 1977-1978 academic year, in a newly created half-time remedial reading position, but at the end of that year, the half-time position was also abolished. In this proceeding petitioner contends, *inter alia,* that her rights were violated when her services were discontinued, while Alice Moffatt's services were retained (Education Law, § 2510, subd 2). Petitioner further contends that her rights were violated when the respondent board of education hired teachers with less seniority or no seniority as so-called "Title I" remedial reading teachers (Education Law, § 2510, subd 3). The board of education and Mrs. Moffatt assert that Mrs. Moffatt does not teach remedial reading, but, rather teaches a regular English course offered to all seventh and eighth grade students who do not take a foreign language. Petitioner, on the other hand, notes that a seniority list prepared for the school district by its employees lists Mrs. Moffatt's area of tenure as remedial reading. Petitioner further notes that the respondent board of education provides all seventh and eighth grade students identified as requiring remedial reading instruction with such instruction for five 44-minute periods per week. Based on the papers before it, the Supreme Court, Westchester County, concluded that Mrs. Moffatt does not teach remedial reading and does not have tenure in the same tenure area as petitioner. Petitioner's assertions, however, raise questions of fact which should not have been disposed of summarily without a trial. Further, petitioner's contention that, after discontinuing her services, the respondent board hired teachers with less seniority to teach remedial reading on an hourly and per diem basis raises additional questions which were not resolved by the court. The fact that

these so-called "Title I" teachers are paid with Federal funds on an hourly or per diem basis is not relevant to the question of whether their duties were similar to the duties performed by petitioner (see *Matter of Board of Educ. v Nyquist,* 45 NY2d 975, revg on dissenting opn of the App Div 59 AD2d 76; *Matter of Abrams v Ambach,* 43 AD2d 833; *Matter of Baron v Mackreth,* 30 AD2d 810, affd 26 NY2d 1039). If their duties were in fact similar, petitioner's rights pursuant to subdivision 3 of section 2510 of the Education Law may have been violated when she was not offered an appointment as a "Title I" teacher. Accordingly, the matter is remitted to the Supreme Court, Westchester County, for trial. Damiani, J. P., Titone, Lazer and Boyers, JJ., concur.