■ In the Matter of HAROLD KELLAND et al., Appellants, v COMMISSIONER OF EDUCATION OF THE STATE OF NEW YORK, Respondent, and BOARD OF COOPERATIVE EDUCATIONAL SERVICES OF NASSAU COUNTY, Intervenor-Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Cobb, J.), entered June 2, 1982 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Commissioner of Education. Petitioners were all employed for a number of years by intervenor Board of Cooperative Educational Services of Nassau County (BOCES) as occupational education teachers in the daytime adult education program being conducted by BOCES. They were originally appointed to their respective positions in this Federally funded program from 1970 through 1974. In August, 1977, they were terminated from their positions for budgetary reasons, i.e., lack of Federal funds. Petitioners timely

appealed their dismissals to respondent Commissioner of Education in September, 1977, claiming they were tenured and could not be dismissed prior to employees with less tenure. They also argued that BOCES had no authority to appoint teachers other than pursuant to the tenure-granting provisions of section 3014 of the Education Law. The commissioner, relying on *Matter of Feinerman v Board of Coop. Educational Servs.* (48 NY2d 491), found that petitioners could and did "voluntarily, knowingly and openly waive the right to be appointed to a three-year probationary term in a tenure-bearing position". The waiver holding was based on, *inter alia,* petitioners' initial appointment notices to their positions and the collective bargaining agreement covering their employment. This CPLR article 78 proceeding, seeking annulment of the commissioner's determination, followed. Special Term, in dismissing the petition, found that the commissioner had rationally applied the *Feinerman* (*supra*) decision to the facts of this case. This appeal ensued. Initially, we note that Special Term properly stated the standard of review of the commissioner's determination: it may not be overturned unless it is arbitrary, capricious or lacking a rational basis (*Matter of Kelley v Ambach,* 83 AD2d 733). On this appeal, petitioners contend that the *Feinerman* decision should be confined to its facts and that three predicates must be present before a waiver can be found: (1) a letter of advice from BOCES that the position was nontenured; (2) the signature of the teacher acknowledging such restriction; and (3) a collective bargaining contract clause, in effect at the time of the appointment, stating that the position was nontenured. Petitioners' argument that a valid waiver can be found only where all three specific predicates are present is unduly restrictive and not persuasive. A review of the factual circumstances in each petitioner's case in light of the *Feinerman* decision will demonstrate this. The claim that petitioner Stephen Cogan's waiver was invalid because the BOCES' explanation of nontenure was mistaken and no collective bargaining was in force at the time of his appointment is rejected. Stephen Cogan was informed by letter dated November 10, 1972 that he had been appointed a teacher of auto mechanics, and that the appointment had no tenure "since your appointment is dependent upon the duration of the project, pupil enrollment and is subject to annual refunding". His wage was stated to be $7.50 per hour and he had signed the letter indicating his "acceptance of the terms and conditions of employment". Although BOCES based its denial of tenure to Cogan on an invalid basis, namely, the source of the funding (*Matter of Board of Educ. v Nyquist,* 45 NY2d 975, revg on dissenting opn below 59 AD2d 76), Cogan nevertheless knew that he was consenting to employment in a nontenured position. This knowledge is sufficient to find a knowing and voluntary waiver. Furthermore, it is the express agreement between Cogan and BOCES that is determinative and not the presence or absence of a collective bargaining agreement. Such an agreement is not essential but only an added factor to be considered. Thus, Special Term properly found that the commissioner's determination that Cogan had waived his tenure rights was not arbitrary, capricious or lacking a rational basis. Essentially, the factual circumstances and arguments relating to Cogan also pertain to the situations of petitioners Harold Kelland, Carol Neeman and Ada Daniel. The factual circumstances relative to the cases of petitioners Frank Koutensky, Richard Trabulsi, Anne Senisi, Lynn Taube and Joyce Lewis are virtually indistinguishable from those of the petitioner in the *Feinerman* case. Therefore, as to these individuals, Special Term's finding of valid waivers was also correct. A different situation exists in the case of petitioner Lillian Ragland. The letter informing her of her appointment did not contain a line for her signature, lacked a no-tenure clause and she did not sign it. Her appointment preceded the effective date of the collective bargaining agreement containing the no-

tenure clause. Thus, the pertinent factors present in the *Feinerman* case are not found in Ragland's situation and the finding of the commissioner as to her, therefore, lacks a rational basis. Special Term thus erred in sustaining it. There simply was no express agreement between BOCES and Ragland on tenure. This matter should be remanded to the commissioner for a determination of her seniority rights. In petitioner Jessica Redman's case, the notice did not specifically state that the position was without tenure, but it did state that "Part-time employees are not eligible to participate in employee benefits". She signed the letter to indicate her "acceptance of the terms and conditions of employment". However, this notice, since it demonstrates the limited nature of her employment and its nontenure status, is adequate to comply with the *Feinerman* requirements. Thus, the commissioner's finding of a waiver of tenure rights as to petitioner Redman has a rational basis and is, therefore, proper. In the situation of petitioner Mildred Wolfson, the letter to her did not contain a no-tenure clause but did have a line for signature to indicate her "acceptance of the terms and conditions of employment", which she did not sign. Wolfson's case is similar to and stronger than Ragland's. There also was no collective bargaining agreement covering the situation at the time of her appointment. The commissioner's determination with respect to Wolfson was, therefore, arbitrary and without a rational basis. Consequently, Special Term's decision as to her must be reversed. In the case of petitioner Eileen Williams, the letter to her contained a no-tenure clause and there was a no-tenure collective bargaining agreement in effect at the time. Although she did not sign the letter, her situation is otherwise the same as that found in *Feinerman* and she was properly found to have waived her tenure rights. Petitioner Joseph Spoto received a no-tenure notice at the time of his original appointment but did not sign it. There was no collective bargaining agreement containing a no-tenure clause in effect. An actual express agreement to accept employment in a nontenured position was lacking. Therefore, Special Term improperly affirmed the commissioner's determination finding a waiver by Spoto. Spoto's situation differs from that of Williams due to the absence of a collective bargaining agreement containing a no-tenured clause, which was present in the Williams case. Accordingly, the judgment should be modified by reversing so much thereof as dismissed the petition with respect to petitioners Lillian Ragland, Mildred Wolfson and Joseph Spoto. As to those three petitioners, the matter should be remitted to the commissioner for a determination of their seniority status. Judgment modified, on the law and the facts, by reversing so much thereof as dismissed the petition with respect to petitioners Lillian Ragland, Mildred Wolfson and Joseph Spoto; that portion of the Commissioner of Education's determination which upheld the dismissals of Ragland, Wolfson and Spoto is annulled; matter remitted to the Commissioner of Education for a determination of the seniority status of these individuals, and, as so modified, affirmed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.