OPINION OF THE COURT
John S. Lockman, J.
Petition deemed one pursuant to CPLR article 78 for an order declaring that the reasons stated by respondent for the denial of tenure to petitioners at a meeting held on January 9, *330 1995 were illegal, unlawful, arbitrary and capricious and in violation of Education Law § 3012 and directing respondent to conduct a meeting to act upon the recommendation of the Superintendent of Schools to appoint petitioners to tenure and that said meeting and review be conducted in accordance with law is granted to the extent that the Board is directed to make a determination on petitioners’ tenure based upon proper considerations and criteria in accordance with law, and that respondent’s philosophical opposition to tenure shall not enter into such determination. Motion by respondent to dismiss the petition pursuant to CPLR 3211 for lack of subject matter jurisdiction or CPLR 3211 (a) (7) for failure to state a cause of action is denied.
The undisputed facts mandate an annulment of the respondent Board of Education’s preliminary denial of tenure to petitioners Dawn Conetta and Denise Cappiello-McAdams. Respondent denied tenure to petitioners at a meeting held on January 9, 1995. Petitioners had completed probationary terms to tenure bearing teaching positions, and were recommended for tenure, as required by Education Law § 3012 (c) (2), by the Superintendent of Schools. The Board denied tenure, giving the following statement. "It is with a great deal of regret that I am going to offer a resolution to deny tenure at this time. The reason this resolution is being offered is unfortunate but necessary. After a great deal of discussion since the elections last spring, one of the problems that afflicts the secondary and the primary education system of this state is tenure; the concept of tenure. Tenure, as all of us who have gone to college know, was created to allow academic freedom to protect people who had unpopular ideas and allow those ideas to be heard in college campuses throughout the country. That was the original purpose of tenure. Tenure at the high school and elementary school level is nothing more than guaranteed job security. When it is coupled with automatic pay increases through step increases, it becomes an onerous, lifetime burden on the taxpayers for 20 years. These teachers deserve to teach in this district, however, there is no way that this board can keep them teaching without guaranteeing that for the rest of their natural lives, 20 years of teaching at least, they will be guaranteed employment at this district at constantly increasing wages. For that reason, and only that reason, I must move that we deny tenure.” Petitioners seek annulment of respondent’s determination as arbitrary and capricious and an abuse of discretion.
*331 "Arbitrary action is without sound basis in reason and is generally taken without regard to the facts” (Matter of Pell v Board of Educ., 34 NY2d 222, 231). Even under such broad principles, respondent’s admitted denial of tenure to applicants who are qualified in all respects can be classified as action taken without regard to the facts. However, reliance upon broad principles is unnecessary in this matter, as it has been specifically held that in a tenure-bearing probationary teaching position, tenure cannot be withheld from an otherwise qualified teacher unless that teacher gives a free and knowing waiver of the right to tenure at the end of the probationary period. Thus, respondent’s action is in violation of law.
In the absence of petitioners’ waiver before commencing a "probationary” period, respondent was not free to withhold tenure which is provided by statute (Matter of Kelland v Commissioner of Educ. of State of N. Y, 96 AD2d 979). Where there has been no agreement between a teacher and Board of Education on tenure, a denial of tenure for reasons other than those permitted by statute, "lacks a rational basis”. (Matter of Kelland v Board of Educ. of State of N. Y, supra, at 981.) Considerations of public policy do not preclude employment of a teacher "for a limited term in a position which carries with it no tenure rights” (Matter of Feinerman v Board of Coop. Educ. Servs., 48 NY2d 491, 495-496). However, the presumption of a probationary teaching position is that it is tenure bearing, as there exists no authority in the Education Law which permits appointment of a teacher to a temporary position which is freely revocable (Matter of Feinerman v Board of Coop. Educ. Servs., supra). Thus, a waiver of appointment to a probationary teaching position, "knowingly and freely made”, is required before tenure can be withheld at the end of the probationary period to one who is qualified in all other respects. (Supra, at 497.) " 'The tenure statutes are intended to protect the teacher’ ” (supra).
It is not subject to dispute that respondent has a legitimate obligation and is free to address the concerns of the taxpayers in its district. However, where the cost of teachers’ salaries is the concern, the collective bargaining table is the place to address such concerns. Indeed, in addition to negotiating salaries, it is possible to negotiate and to have "no tenure” clauses in collective bargaining agreements (see, Matter of Kelland v Commissioner of Educ. of State of N. Y., 96 AD2d *332 979, 981, supra). What respondent is not free to do is to withhold tenure at the end of a probationary period for fiscal reasons unrelated to the qualifications of those seeking tenure. "[T]here is a limit to the exercise of discretion”, and appeal to this court is appropriate redress (Matter of Sheridan v Kern, 255 App Div 57, 59). Accordingly, respondent shall make a final determination on petitioners’ tenure based upon their qualifications and requirements of statute.
Respondent advances argument that petitioners, on probationary status, may be denied tenure for impermissible reasons as well as no reasons. Respondent in essence argues that it is not possible to abuse this discretion because it is so broad, except for constitutionally prohibited reasons. Respondent’s argument begs the issue. Respondent’s legitimate exercise of discretion is not reviewable; only a "clear abuse” of such discretion is reviewable (Matter of Cosme v Board of Educ., 50 Misc 2d 344, 345, affd 27 AD2d 905). However, respondent here is refusing to exercise the discretion vested with it by statute, refusing to consider petitioners’ qualifications, refusing to make any tenure appointment. Respondent is not free to refuse to administer the law under the guise of a proper exercise of discretion. In any event, respondent’s refusal to determine tenure upon merit is a violation of its duty. "Section 6 of article V of the New York State Constitution requires appointment in public employment to be made upon a determination of merit and fitness. The fulfillment of the constitutional mandate has been legislatively delegated to boards of education by the provisions of the Education Law”. (Matter of Morris Cent. School Dist. Bd. of Educ. v Morris Educ. Assn., 54 AD2d 1044, 1045; emphasis supplied.) Respondent is "not free” to refuse "the statutorily imposed obligation [to decide] pure questions of tenure” (Matter of Morris Cent. School Dist. Bd. of Educ. v Morris Educ. Assn., supra, at 1046).
Insofar as respondent argues that this proceeding is premature because it has not made a final decision, the argument is rejected. Respondent has indicated what its final determination will be. The court will not require petitioners to engage in further proceedings which are "futile”. (See, Matter of Kibbe v Scully, 97 AD2d 795.)