OPINION OF THE COURT
John S. Lockman, J.
The issue to be resolved in this proceeding is whether the respondent Board of Education of the Middle Country Central School District may require from all new teachers point-of-hire contracts which eliminate the tenure system envisioned under the Education Law.
*488 Petitioners are an amalgam of administrators, taxpayers and teachers who seek to void a resolution of the respondent School Board which requires all new teacher hirees to waive the protections of tenure provided by section 3012 of the Education Law, and to void the contracts which issued thereunder. Respondent avers that under New York law a teacher hiree may waive the provisions of the Education Law and agree to a nontenure teaching position. In conflict is State public policy as expressed in the Education Law, and local policy arising from fiscal considerations as expressed in recent attempts by local school boards to eliminate tenure (see, e.g., Matter of Conetta v Board of Educ., 165 Misc 2d 329).
Petitioners argue that respondent does not have the authority to require waivers of statutory rights as a precondition of employment when such waivers nullify on an institutional scale an entire statutory scheme of rights and duties enacted by the Legislature and are in contravention of the purposes for which the statutory scheme was enacted. Review of the resolution passed by the Board is necessary to determine whether the resolution and the contracts which issue therefrom cross the line between an exception to the rule of tenure or whether they constitute a nullification of the tenure system altogether. The resolution adopted August 15, 1996 provides:
"whereas, a probationary teacher’s eligibility for tenure pursuant to Education Law 3012 is at most a mere expectancy * * *
"whereas, the Superintendent of Schools may decline to recommend a teacher for tenure or the Board of Education may decline to accept a favorable recommendation of the Superintendent of Schools * * *
"whereas, Education Law 3012 and other relevant statutory provisions do not prohibit a prospective teacher from knowingly and voluntarily waiving * * * rights * * * to * * * tenure * * *
"whereas, there is no indication that the New York State Legislature ever intended that the Education Law forbid a school district from engaging the services of a teacher in a nontenure-bearing position if the teacher knowingly and voluntarily consents to such employment * * *
"whereas, it is the intention of the District to employ the services of all new teacher hirees pursuant to individual employment contracts which provide * * * for specified terms of employment [in] nontenure-bearing positions based upon * * * waivers of the provisions of the Education Law * * *
*489 "now, therefore, be it resolved, that effective the date of the adoption of this resolution, all new teacher hirees of the Middle Country School District shall be employed * * * in nontenure-bearing positions.”
The resolution which requires all new teacher hirees to waive tenure as a condition of employment exhibits a lack of regard for the system of laws by which we are governed, and creates a new creature of logic, waiver by fiat. When certain circumstances are present, a teacher may waive the protections of the Education Law (see, Matter of Feinerman v Board of Coop. Educ. Servs., 48 NY2d 491 [waiver permitted for temporary position dependent on annual Federal funding]). Such waiver constitutes an exception to the statutory protections afforded teachers by the legislation and public policy of this State. Such authority does not permit a school board to require a waiver from every new teacher as a condition of employment, and, in this way, eliminate all tenure positions for the future. It is "beyond the power of a school board to surrender * * * a responsibility vested in the board in the interest of maintaining adequate standards in the classrooms as, for example, the granting or withholding of tenure” (Honeoye Falls-Lima Cent. School Dist. v Honeoye Falls-Lima Educ. Assn., 49 NY2d 732, 734). Respondent here attempts to substitute the exception for the rule. Such endeavor is prohibited, as waivers of statutory rights will be permitted only "to the extent that it can be ascertained that the legislative purpose is not contravened” (Matter of American Broadcasting Cos. v Roberts, 61 NY2d 244, 249).
Education Law §§ 3012 and 3013 provide teachers with two fundamental protections. They are tenure and its protection from political or economically motivated firing, and seniority preservation during periods of layoffs. The tenure and seniority provisions serve a firm public policy to protect the interests of the public in the education of our youth which can "best be served by a system designed to foster academic freedom in our schools and to protect competent teachers from the abuses they might be subjected to if they could be dismissed at the whim of their supervisors” (Ricca v Board of Educ., 47 NY2d 385, 391). Academic freedom is the goal for those to whom the minds of our children are entrusted. The mechanism of required waiver cannot be used to circumvent the paramount judgment of the Legislature (see, Matter of Scotto v Giuliani, 172 Misc 2d 395).
The contracts of employment required here by respondent are explicitly rejected as antithetical to the provisions of the *490 Education Law and in contravention of the entire legislative scheme, the enactment of which was "to provide for a change in the tenure of teachers * * * from a system of tenure by contract terminating automatically at the expiration of the contract, to one of permanence” (Matter of Carter v Kalamejski, 255 App Div 694, 697, affd 280 NY 803). The contracts at issue not only fail to provide for permanence, but also fail to provide that layoffs will be of the least senior teachers. Retention of the most senior, most experienced teachers is required in order to maintain the highest level of experience in the classroom within the tenure area.
Accordingly, the resolution of the Board of Education of the Middle Country Central School District is declared null and void, and the contracts which issued to the petitioners under that resolution are annulled, and respondent is directed to appoint, nunc pro tunc, petitioners Patricia E. Damato, Kathleen DeCesare, Judith Illmensee, Christine A. Kelly, Deborah Kleps, Roger Podell, Lisa M. Sosnowski, and Jeannine Tobin in accordance with the provisions of the Education Law which provide for a probationary period leading to tenure.