In the Matter of VALORIE RATHBONE, Respondent, v. BOARD OF EDUCATION OF THE HAMILTON CENTRAL SCHOOL DISTRICT, Appellant.

Third Department, March 27, 1975.

*Joe Schapiro* for appellant.

*Bernard F. Ashe* (*Ivor R. Moskowitz* and *James R. Sandner* of counsel), for respondent.

*Per Curiam.* These are appeals (1) from a judgment of the Supreme Court at Special Term, entered May 13, 1974 in Chemung County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, directing that she be reinstated in her probationary teaching position, and further directing the parties to appear at an Equity Term for trial on the issue of interim salary and benefits, and (2) from an order of said court, entered May 28, 1974, which denied appellant's motion for a change of venue to Madison County.

Petitioner was appointed by appellant Board of Education as a French teacher in the Hamilton Central School District to a five-year probationary term of service effective July 1, 1971. On April 10, 1973 she was notified by the district superintendent that pursuant to section 3031 of the Education Law he intended to recommend that her services be discontinued. Petitioner thereafter requested the reason therefor, and by letter dated April 18, 1973 the district superintendent set forth the following reason: " The reason for the intended recommendation is that

your over-all performance as a teacher has not been up to the level of expectancy of the Hamilton Central School.'' Petitioner was given no further particulars at the meeting of appellant Board of Education held on May 21, 1973. Petitioner thereafter commenced this article 78 proceeding to annul that determination. Special Term concluded that there was a failure to comply with section 3031 because the reason stated for the superintendent's recommendation was too vague and reinstated her in her former probationary teaching position. It also denied appellant's motion for change of venue. These appeals ensued.

Initially, the denial of a change of venue to Madison County should be affirmed. (CPLR 504, 506, subd. [b].)

Section 3031 of the Education Law was enacted in 1972 and became effective July 1, 1972. Where here relevant, it provides, '' Notwithstanding any other provision of this chapter * * * teachers employed on probation by any school district * * * as to whom a recommendation is to be made * * * that their services be discontinued shall, at least thirty days prior to the board meeting at which such recommendation is to be considered, be notified of such intended recommendation and the date of the board meeting at which it is to be considered. Such teacher may, not later than twenty-one days prior to such meeting, request in writing that he be furnished with a written statement giving the reasons for such recommendation and within seven days thereafter such written statement shall be furnished. Such teacher may file a written response to such statement with the district clerk not later than seven days prior to the date of the board meeting.'' The final paragraph provides, '' This section shall not be construed as modifying existing law with respect to the rights of probationary teachers or the powers and duties of boards of education * * * with respect to the discontinuance of services of teachers ''.

First, there is no merit to appellant's contention that this statute does not apply in petitioner's case. It is clearly applicable to the discontinuance of a probationary teacher after July 1, 1972, and petitioner's services were recommended to be discontinued after such date.

The primary issue raised on this appeal is whether there was compliance with section 3031 in petitioner's case. This issue is one of first impression. Section 3031, in essence, provides that when it is recommended that a probationary teacher's services are to be discontinued, he may request written reasons therefor and respond thereto prior to board action. So long as the reasons given for such recommendation involve or imply no

violation of positive law, no denial of due process resulting in a deprivation of liberty or property, no discriminatory practice or complaint of retaliation, or no breach of a collective bargaining or arbitration agreement, there is no requirement that a hearing be given on the decision not to retain such probationary teacher. (*Board of Regents* v. *Roth*, 408 U. S. 564; *Perry* v. *Sindermann*, 408 U. S. 593; *Matter of Lezette* v. *Board of Educ., Hudson City School Dist.*, 35 N Y 2d 272, 278.) The reason given to petitioner for the recommendation that her services be discontinued did not involve or imply any of these. She was, therefore, not entitled to a hearing before the board.

As hereinbefore observed, the reason given by the superintendent for his recommendation that petitioner's services as a probationary teacher be discontinued was " that [her] over-all performance as a teacher has not been up to the level of expectancy of the Hamilton Central School ". Having received this response to her request for the reason for the recommendation that her services be discontinued, the question arises as to what would be the petitioner's response which had to be filed within the prescribed seven-day period. She would be limited pretty much to a general denial which demonstrates that the reason given by the district superintendent is vague and does not give her sufficient information so that she may properly respond. The superintendent should have given the petitioner some specifics as to why her performance was not satisfactory, for example, was her classroom work unsatisfactory, was there a lack of classroom discipline, was the work of the children not up to the required standards or was there a personal reason. Any one or more reasons would then give the petitioner an opportunity of replying and possibly defending her teacher performance.

It must be assumed that the Legislature in enacting section 3031 had in mind that the district superintendent would advise the teacher of the reasons for his recommendation so that in turn the teacher might be able to make a reasonable and logical reply. Once the mandated procedural aspects of the district superintendent's giving of reasons and either a response is filed or the time has passed, the power of the Board of Education to terminate the employment is not affected by section 3031.

In the instant case, Special Term, after concluding that reason given by the superintendent was vague, ambiguous and inadequate and deprived petitioner of a meaningful opportunity to reply, held that petitioner should be reinstated to her probationary teaching position as of the date of her dismissal but

left the matter of her right to back salary and benefits to be decided in a separate action. Special Term has in effect held that she is entitled to full back pay unless the appellants are able to prove interim earnings from another source or that she did not hold herself available for employment. We believe that in a case such as this where there is a strong presumption that no substantive rights have been violated in dismissing a probationary teacher, unless that teacher can make a showing that her dismissal has been arbitrary, capricious, or violative of statutory or constitutional rights, it is inappropriate to reinstate such a teacher *nunc pro tunc* because of a technical defect of a procedural nature. We must recognize the injustice and impropriety of awarding a probationary teacher unearned back pay for a lengthy period of time when in all likelihood the dismissal of that teacher violated no substantive rights.

In the case at bar, the matter should be remitted to Special Term with a direction to the superintendent to resubmit his statement of reasons for his recommendation of dismissal. If these reasons are subsequently demonstrated to be unlawful, or if they are not accepted by the Board of Education, petitioner will then be entitled to her benefits from the date of the unlawful dismissal. If, on the other hand, adequate reasons are given which in the superintendent's view would have justified petitioner's dismissal as of April 10, 1973, and the board, after petitioner has had the opportunity to respond, chooses to accept the recommendation, petitioner should not receive back pay or benefits which in the circumstances would amount to a windfall.

The judgment should be modified, on the law and the facts, by reversing so much thereof as reinstated petitioner in her probationary teaching position and directed that a trial be held on the issue of interim salary and benefits; matter should be remitted for further proceedings not inconsistent herewith, and, as so modified, affirmed, without costs. The order should be affirmed, without costs.

Sweeney, J. (concurring in part and dissenting in part). We are unable to agree with the majority that there has been a failure to comply with section 3031.

Petitioner's objection is not that the superintendent failed to give a reason for his recommendation but, rather, the reason given is vague, ambiguous and inadequate, and deprived her of a meaningful opportunity to reply.

She mistakenly equates the requirements of section 3031 to the right to notice and opportunity to be heard and contends that she was denied procedural and substantive due process of law

guaranteed by the Fourteenth Amendment. We do not agree. A constitutional right to a meaningful opportunity to refute detailed charges made by the district superintendent would mean a plenary hearing before the board. Section 3031 provides for no such hearing, nor, under the circumstances, would petitioner have a right to a hearing. We view the requirement of giving reasons for the recommendation of discontinuance in this statute as informative only. If such information contains a basis for a constitutionally mandated hearing before the probationary teacher's services can be terminated, such teacher is so informed and would be entitled to such a hearing before the board. If not, she is not entitled to an itemization of each and every respect in which her performance has been regarded by the superintendent as incompetent, inadequate or unsatisfactory.

While the reason ascribed for petitioner's termination could have been more explicit, it clearly expressed dissatisfaction with petitioner's teaching performance. More specifics or itemization of the reasons would not alter this fact, nor does the statute mandate it. This being so, the board had the absolute right to end her employment regardless of specifics. The probationary teacher has never had the right to receive charges against her, nor the right to a hearing, as in the case of a tenured teacher. Section 3031 did not change the law in this respect. We regard as most significant the last paragraph of the section which provides that it shall not be construed as modifying existing law with respect to the rights of probationary teachers.

We, therefore, conclude that under the circumstances herein, the reason given by respondent's district superintendent for recommending petitioner's dismissal was adequate and in full compliance with section 3031. Consequently, the judgment should be reversed, and the petition dismissed, on the merits. However, the order denying the motion for a change of venue should be affirmed.

HERLIHY, P. J., GREENBLOTT and MAIN, JJ., concur in *Per Curiam* opinion; SWEENEY and LARKIN, JJ., concur in part and dissent in part in an opinion by SWEENEY, J.

Judgment modified, on the law and the facts, by reversing so much thereof as reinstated petitioner in her probationary teaching position and directed that a trial be held on the issue of interim salary and benefits; matter remitted for further proceedings not inconsistent herewith, and, as so modified, affirmed, without costs. Order affirmed, without costs.