■ In the Matter of JOHN T. FARRELL, Respondent, v BOARD OF EDUCATION OF THE CARMEL CENTRAL SCHOOL DISTRICT No. 2, et al., Appellants.—In a proceeding pursuant to CPLR article 78, inter alia, to compel the Board of Education of the Carmel Central School District No. 2 to restore petitioner to his position nunc pro tunc, with back pay, the appeal is from a judgment of the Supreme Court, Putnam County, dated July 8, 1977, which granted the petition, vacated the decision to terminate petitioner's employment, and directed appellants to reinstate petitioner retroactively as a tenured teacher, with back pay. Judgment modified, on the law, by deleting the second decretal paragraph thereof, immediately after the word "granted", the following: "to the extent that the Superintendent of the Carmel Central School District No. 2 is directed to provide petitioner with a new statement of reasons for recommending not to accord him tenure and to afford petitioner an opportunity to reply thereto (see Education Law, § 3031)." As so modified, judgment affirmed, without costs or disbursements. The time for the superintendent to serve petitioner with a new statement of reasons is extended until 20 days after entry of the order to be made hereon. Petitioner, in September, 1970, was appointed as a teacher for a three-year probationary period. Purportedly in accordance with the provisions of section 3031 of the Education Law, petitioner was informed that he was being denied tenure since it was the policy of the board of education to

grant tenure only to "superior teachers". That statute contains precise reciprocal procedural obligations. Its essential provisions are to accord due notice to a teacher who is to be denied tenure and an opportunity for the teacher to answer. In response to his request for the reasons for such determination, petitioner was informed that it was the policy of the board to grant tenure only to those teachers who had "attained the status of superior teachers" and that he had not demonstrated "superior teaching ability". As in *Matter of Rathbone v Board of Educ.* (47 AD2d 172, 175, affd 41 NY2d 825), the proffered basis for denying tenure was impermissibly vague and, therefore, did not conform to section 3031 of the Education Law. Hence, petitioner was denied an opportunity "to make a reasonable and logical reply." In view of the within disposition, the issue of reinstatement with back pay must abide a *de novo* review by the board of education. Mollen, P. J., Hopkins and Hawkins, JJ., concur; Titone, J., dissents and votes to affirm the judgment.