■ In the Matter of LORAINE S. FUSCO, Respondent, v BOARD OF EDUCATION OF THE EAST QUOGUE UNION FREE SCHOOL DISTRICT et al., Appellants.—In a proceeding pursuant to CPLR article 78 seeking, *inter alia,* relief in the nature of a writ of prohibition to bar the respondent Board of Education of the East Quogue Union Free School District from making a determination with respect to tenure until such time as the respondent School Superintendent provided sufficient reasons for her recommendation to deny the petitioner tenure under Education Law § 3031, the appeal from a judgment of the Supreme Court, Suffolk County (Copertino, J.), entered August 15, 1990, which granted the petition.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the proceeding is dismissed.

The petitioner was appointed an elementary school teacher in the East Quogue Union Free School District for a three-year probationary period commencing September 1, 1987. Toward the end of her probationary period, the petitioner was advised that the respondent School Superintendent would not be recommending her for tenure. Unsatisfied with the reasons advanced by the School Superintendent for her recommendation, the petitioner commenced the instant proceeding. The Supreme Court granted the petition.

We agree with the appellants that no justiciable controversy was submitted to the court. In *Matter of Ward v Bennett* (79 NY2d 394) the Court of Appeals explained that the concept of "ripeness" within the context of a proceeding pursuant to CPLR article 78 "pertains to the administrative action which produces the alleged harm to plaintiff; the focus of the inquiry is on the finality and effect of the challenged action and whether harm from it might be prevented or cured by administrative means available to the plaintiff" *(Church of St. Paul & St. Andrew v Barwick,* 67 NY2d 510, 521, *cert denied* 479 US 985; *American Ins. Assn. v Chu,* 64 NY2d 379). Here, the

School Superintendent's recommendation had not yet attained "finality" since the Board of Education had not yet acted upon it. Moreover, the issue of whether there had been sufficient compliance with the provisions of Education Law § 3031 is one that could be raised in any subsequent proceeding to review an adverse tenure decision.

In any event, contrary to the conclusion reached by the Supreme Court, we find that a letter of the School Superintendent dated July 10, 1990, sufficiently stated the reasons for her recommendation to deny tenure so as to comply with Education Law § 3031 (cf., *Matter of Rathbone v Board of Educ.* 47 AD2d 172, *affd* 41 NY2d 825; *Matter of Farrell v Board of Educ.,* 64 AD2d 703). Balletta, J. P., Miller, Pizzuto and Santucci, JJ., concur.