■ In the Matter of SHIRI DEMBOVICH, Respondent, v LIBERTY CENTRAL SCHOOL DISTRICT BOARD OF EDUCATION, Appellant. [745 NYS2d 342] —Crew III, J.P. Appeal from a judg-

ment of the Supreme Court (Kane, J.), entered February 20, 2001 in Sullivan County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent terminating petitioner's employment as a probationary teacher.

In September 1998, respondent awarded petitioner a two-year probationary appointment as an English teacher, effective September 1, 1998. As the 1999-2000 academic year drew to a close, respondent's Superintendent of Schools, Brian Howard, advised petitioner by letter dated March 30, 2000 that he would not recommend her for tenure and that her employment would terminate on June 23, 2000. Shortly thereafter, petitioner requested and received an explanation regarding the recommended denial of tenure.

It appears that no further communications transpired between petitioner and respondent or Howard until September 2000, at which time petitioner requested that a substitute teacher fill in for her until her return to school on September 11, 2000. Upon learning of petitioner's intentions in this regard, Howard informed petitioner that her employment had been terminated and that she was not to report for work. Petitioner, however, took the position that she had not been properly terminated as she had not been afforded her rights under Education Law § 3031. Specifically, petitioner contended that she had not been advised of the date upon which respondent would meet to consider Howard's recommendation that she not be granted tenure and, further, had not been afforded an opportunity to respond to Howard's negative recommendation. By letter dated September 8, 2000, counsel for the Liberty Central School District informed petitioner that respondent would meet on September 11, 2000 to pass a resolution terminating petitioner's employment retroactive to August 31, 2000, the expiration date of petitioner's probationary period. Respondent thereafter passed the resolution as outlined in the foregoing letter.

On November 15, 2000, petitioner served a notice of claim upon the school district and, on January 5, 2001, commenced this proceeding contending that respondent's actions violated the provisions of Education Law § 3031. Supreme Court subsequently granted the petition, annulled the underlying determination and directed that respondent comply with the provisions of Education Law § 3031 in acting upon Howard's recommendation to deny petitioner tenure. This appeal by respondent ensued.

We affirm. Initially, we reject respondent's contention that

the notice of claim was untimely. Pursuant to Education Law § 3813 (1), a petitioner must serve a written verified claim upon the governing body of the school district within 90 days of the accrual of such claim. A claim accrues, in turn, when the petitioner's damages become "certain and ascertainable" (*Matter of Chanecka v Board of Educ. of Broome-Tioga BOCES*, 243 AD2d 1011, 1012, *appeal dismissed* 91 NY2d 920, *lv denied* 92 NY2d 802; *see, Augat v State of New York*, 244 AD2d 835, 836, *lv denied* 91 NY2d 814). "The key to ascertaining a claim's accrual date is to look at the crux of the challenge being asserted * * *" (*Matter of Board of Educ. of Union-Endicott Cent. School Dist. v New York State Pub. Empl. Relations Bd.*, 250 AD2d 82, 85, *lv denied* 93 NY2d 805 [citation omitted]).

Here, the crux of petitioner's claim is that she was not afforded the rights conferred upon her by Education Law § 3031 (a), which provides, in relevant part, that: "boards of education * * * shall review all recommendations not to appoint a person on tenure, and, teachers * * * employed on probation by any school district * * * as to whom a recommendation is to be made that appointment on tenure not be granted or that their services be discontinued shall, at least thirty days prior to the board meeting at which such recommendation is to be considered, be notified of such intended recommendation *and the date of the board meeting at which it is to be considered*" (emphasis supplied). The statute also provides a time period during which the aggrieved teacher may demand and obtain a written statement of the reasons underlying the negative recommendation and submit a written statement in response thereto (*see*, Education Law § 3031 [a]). Respondent, noting that it could not have granted petitioner tenure absent an affirmative recommendation from Howard (*see*, Education Law § 3012 [1] [a]) and, further, that petitioner received a written statement from Howard outlining the reasons for the recommended denial of her tenure, argues that a formal resolution terminating petitioner's employment was unnecessary. In essence, respondent takes the position that petitioner's claim accrued either on March 30, 2000, when she was advised by Howard that he would not recommend her for tenure, or on June 23, 2000, the effective date of her termination. We cannot agree.

Regardless of when petitioner first learned from Howard that she would not be recommended for tenure, the fact remains that she was not advised until September 8, 2000 of the date upon which respondent would meet to consider such recommendation. Education Law § 3031 (a) plainly provides

that petitioner be apprised of the date of such meeting 30 days prior thereto. As petitioner was advised of the September 11, 2000 meeting date only three days prior thereto, it is clear that the statutory notice requirements were not met. Thus, the fact that petitioner was aware of her impending termination and the reasons therefor prior to September 8, 2000 is irrelevant. Education Law § 3031 (a) affords petitioner very specific rights, and adopting respondent's interpretation of the statute would render the notice requirements contained therein meaningless. Accordingly, petitioner's notice of claim is timely.

We reach a similar conclusion regarding the timeliness of this proceeding. As respondent did not act upon Howard's recommendation until September 11, 2000, its determination to deny petitioner tenure and terminate her employment did not become final and binding until that date. This proceeding was commenced on January 5, 2001, within the four-month statute of limitations contained in CPLR 217, and, hence, is timely. Respondent's remaining arguments, including its assertion that the remedy fashioned by Supreme Court was overbroad, have been examined and found to be lacking in merit.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.