■ In the Matter of the Arbitration between LIBERTY CENTRAL SCHOOL DISTRICT, Respondent, and LIBERTY FACULTY ASSOCIATION, Appellant. [808 NYS2d 445]—

Crew III, J. Appeal from a judgment of the Supreme Court (Ledina, J.), entered February 25, 2005 in Sullivan County, which granted petitioner's application pursuant to CPLR 7511 to vacate an arbitration award.

---

* Defendant Aaron Sporn gave the Romans permission to erect the gate.

In September 1998, Shiri Dembovich was appointed by petitioner as an English teacher for a two-year probationary term of service. In March 2000, petitioner's superintendent advised Dembovich that he would not recommend that she receive tenure and that her employment would terminate in June 2000. On September 8, 2000, Dembovich was given notice that petitioner's Board of Education would consider the superintendent's recommendation on September 11, 2000. By letter dated September 15, 2000, the Board adopted the superintendent's recommendation and terminated Dembovich's employment effective August 2000. Dembovitch thereafter commenced a CPLR article 78 proceeding seeking to annul the Board's determination on the ground that she had not been afforded 30-days' notice of the date of the Board meeting at which the superintendent's recommendation was to be considered (*see* Education Law § 3031). Supreme Court granted the petition, annulled the underlying determination and directed that petitioner comply with the provisions of Education Law § 3031, and we affirmed (*Matter of Dembovich v Liberty Cent. School Dist. Bd. of Educ.*, 296 AD2d 794 [2002]).

In accordance with Supreme Court's decision, the superintendent notified Dembovich that the Board again would act upon his recommendation to terminate her employment, this time giving the requisite 30-days' notice. In turn, Dembovich requested that petitioner provide her with a teaching assignment, as well as back pay, for that portion of the school year for which she had been denied employment. When that request was denied, respondent filed a grievance with petitioner on behalf of Dembovich requesting, among other things, that she be paid her salary from September 2000 to the date of the grievance. Dembovich's grievance thereafter was heard by an arbitrator who found, among other things, that petitioner had violated the collective bargaining agreement by failing to award Dembovich her salary and health insurance buyouts for the period from September 2000 to June 2001 and ordered such payments be made.

Petitioner then commenced the instant CPLR article 75 proceeding seeking to vacate the arbitrator's award on the grounds that the arbitrator exceeded his powers and the award was irrational and against public policy. Supreme Court granted the petition and vacated the award, prompting this appeal by respondent.

We affirm. We previously have held that in instances where the procedural requirements of Education Law § 3031 have not been complied with and where, as here, there is no showing

that substantive rights have been violated in the dismissal of a probationary teacher, it is improper to reinstate such teacher nunc pro tunc because of such procedural defect (*see Matter of Zunic v Nyquist*, 48 AD2d 378, 380 [1975], *affd* 40 NY2d 962 [1976]; *Matter of Rathbone v Board of Educ. of Hamilton Cent. School Dist.*, 47 AD2d 172, 176 [1975], *affd* 41 NY2d 825 [1977]). Accordingly, the arbitrator's decision is, among other things, wholly irrational (*see Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO [State of New York]*, 15 AD3d 748, 750 [2005]). Supreme Court, therefore, properly vacated the arbitrator's award.

Cardona, P.J., Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.