■ In the Matter of CLAIRE LITTLE, Respondent, v. BOARD OF EDUCATION OF SCHOOL DISTRICT No. 1, TOWN OF HEMPSTEAD, Appellant.— In a proceeding pursuant to article 78 of the CPLR (1) to review appellant's determination purportedly terminating petitioner's employment as a teacher and (2) to compel her reinstatement, the appeal is from a judgment of the Supreme Court, Nassau County, dated November 30, 1972, which granted the petition to the extent of declaring that petitioner's services with appellant had not been terminated. Judgment affirmed, with costs. No opinion. Christ, Brennan and Benjamin, JJ., concur; Martuscello, Acting P. J., and Gulotta, J., dissent and vote to reverse the judgment and to dismiss the petition, with the following memorandum: Petitioner, a nontenured teacher during the 1971–72 school year, had her services terminated at the end of the school year by appellant upon the recommendation of its Superintendent of Schools. As a nontenured teacher, petitioner's services could be terminated upon recommendation of the Superintendent of Schools and a majority vote of appellant without affording her any hearing or giving any reasons therefor (Education Law, § 3012). Special Term ordered petitioner reinstated on the ground that appellant had not complied with sections 3019-a and 3031 of the Education Law. In our opinion, Special Term erred in its reliance on these two sections. Section 3019-a merely requires that a board of education, in terminating a teacher's services, must furnish a written notice thereof to the teacher and such notice becomes effective 30 days later. Petitioner's own pleadings indicate that on August 15, 1972, appellant's attorney wrote to petitioner's attorney advising of appellant's action on July 20, 1972 terminating petitioner's services. Accordingly, the effective date of the termination was at most postponed until September 15, 1972. Special Term's reliance on section 3031 is similarly misplaced. That section, effective July 1, 1972, provides in pertinent part: " teachers employed on probation by any school district or by any board of cooperative educational services, as to whom a recommendation is to be made that appointment on tenure not be granted or that their services be discontinued shall, at least thirty days prior to the board meeting at which such recommendation is to be considered, be notified of such intended recommendation and the date of the board meeting at which it is to be considered. Such teacher may, not later than twenty-one days prior to such meeting, request in writing that he be furnished with a written statement giving the reasons for such recommendation and within seven days thereafter such written statement shall be furnished. Such teacher may file a written response to such statement with the district clerk not later than seven days prior to the date of the board meeting. This section shall not be construed as modifying existing law with respect to the rights of probationary teachers or the powers and duties of boards of education or boards of cooperative educational services, with respect to the discontinuance of services of teachers or appointments on tenure of teachers." The superintendent's recommendation to terminate petitioner's services (Education Law, § 3012) was presented to appellant on June 22, 1972, prior to the effective date of the statute. Due to petitioner's request, appellant did not act on the recommendation on that day, but rather on July 7, 1972, without any obligation to do so, granted her the opportunity to discuss the matter with the board at their next meeting on July 20, 1972. Petitioner utilized the opportunity, but nevertheless appellant, on the evening of July 20, 1972 voted to terminate her employment. Since the law generally favors the prospective interpretation of a statute without a clear expression from the Legislature to the contrary (*Gleason* v. *Gleason*, 26 N Y 2d 28, 35), it was error for Special Term to impose the requirements of section 3031 of the Education Law to the case at

bar, since the machinery for terminating petitioner's services, i.e., the superintendent's recommendation, was initiated prior to the effective date of that statute.