■  In the Matter of RONALD D. NASH, Appellant, v. BOARD OF EDUCATION UNION FREE SCHOOL DISTRICT No. 13, TOWN OF ISLIP, Respondent.— In a proceeding pursuant to article 78 of the CPLR (1) to review respondent's determination, dated July 26, 1971, which denied petitioner tenure and terminated his services as a teacher, and (2) to compel respondent to reinstate him, with tenure and back pay from September 1, 1971, petitioner appeals from a judgment of the Supreme Court, Suffolk County, entered November 9, 1973, which dismissed the proceeding. Judgment affirmed, without costs. No opinion. Hopkins, Acting P. J., Martuscello, Latham and Benjamin, JJ., concur; Munder, J., dissents and votes to annul the determination and to direct petitioner's reinstatement, with tenure and back pay from September 1, 1971, with the following memorandum: Respondent appointed petitioner to a three-year probationary period as a secondary English teacher, effective September 1, 1968. The probationary period was to expire not later than September 1, 1971. According to subdivision 2 of section 3012 of the Education Law, as it read at the time petitioner started work on September 1, 1968, teachers who were not to be granted tenure had to be so notified at least 60 days prior to the end of their probationary period. In petitioner's case, this would have been on July 3, 1971. However, pursuant to a collective bargaining agreement between respondent and the teachers' association which represented the bargaining unit to which petitioner belonged, the notice requirement had been expanded by the following provision: "Probationary teachers, unless originally hired at mid-year, who are denied tenure will be so notified by May 1st of their third year. A teacher not so notified shall acquire tenure." This provision, since it was negotiated in good faith by respondent and since it concerns a term or condition of employment and is not expressly prohibited by statute, is clearly proper and enforcible (see *Board of Educ. of Union Free School Dist. No. 3, Town of Huntington* v. *Associated Teachers of Huntington*, 30 N Y 2d 122, 127–130). As far as the collective bargaining agreement applies to petitioner, it required that if he were not to be granted tenure he was to be so notified by May 1, 1971. That was not done. Instead, petitioner received a letter from respondent's Superintendent of Schools, dated April 28, 1971, which advised him that no recommendation as to tenure was being made at that time but would be made at some future time. In late May, 1971 petitioner received a memorandum from his principal setting forth his teaching assignment for the following year. Petitioner was thereafter notified by letter dated July 27, 1971 that his employment was terminated. This turnaround resulted from respondent's attempt to keep up with legislative amendments to the Education Law. On April 9, 1971 an amendment to section 3012 was enacted

which increased the period of tenure from three to five years (L. 1971, ch. 116, § 1). This was not to be effective, however, until "the thirtieth day after it shall have become a law" (L. 1971, ch. 116, § 15). Later, on July 2, 1971, another amendment was enacted which suspended the effective date of chapter 116 until October 1, 1971 (L. 1971, ch. 1102). Still later, in 1972, the situation was further confused by another amendment which provided that, as amended, chapter 116 was "deemed to have been in full force and effect on May ninth, nineteen hundred seventy-one" (L. 1972, ch. 953, § 8). I do not find that any of these statutory amendments could change the fact that petitioner's probationary period had expired on May 1, 1971 pursuant to his contract of employment. According to the agreement provision quoted above, a teacher in his or her third year (such as petitioner) who was not notified of denial of tenure by May 1 "shall acquire tenure". Nothing forbids the offer and acceptance of tenure prior to expiration of the probationary period (*Matter of Weinbrown* v. *Board of Educ. of Union Free School Dist. No. 15, Town of Hempstead,* 28 N Y 2d 474, 476). Respondent's action in dismissing petitioner in July, 1971 was a violation of his rights under the contract. I therefore vote to direct his reinstatement, with tenure and back pay from September 1, 1971.