In the Matter of STEPHEN ZUNIC, Respondent, v EWALD B. NYQUIST, as Commissioner of Education of the State of New York, Respondent, and BOARD OF EDUCATION OF CENTRAL SCHOOL DISTRICT No. 1, Towns of Conklin, Binghamton, Kirkwood and Vestal, Appellant.

Third Department, July 2, 1975

*Shaw, Esworthy, O'Brien & Crowley (Frank C. Shaw* of counsel), for appellant.

*Bernard F. Ashe (Ivor R. Moskowitz* of counsel), for Stephen Zunic, respondent.

HERLIHY, P. J. Petitioner was a probationary teacher when the appellant's district superintendent informed him by letter dated December 26, 1972 that he was terminated as of January 26, 1973. At a January 18, 1973 meeting the appellant's board of education voted to accept the recommendation of termination as of January 26, 1973. The petitioner appealed to the Commissioner of Education who found that there had been a failure by the appellant to comply with the procedures of sections 3019-a (30-day notice of termination) and 3031 (opportunity for teacher to respond to reasons) of the Education Law.

The decision by the commissioner directed the appellant to comply with section 3031 so as to give the petitioner his opportunity to respond prior to a vote of its board as to whether or not to accept the recommendation. The commissioner denied reinstatement or back pay for the interim period of the initial discharge until the new final vote as not being required by section 3031 and this is in accord with our recent decision in *Matter of Rathbone v Board of Educ. of Hamilton Cent. School Dist.* (47 AD2d 172; cf. *Matter of Little v Board of Educ. of School Dist. No. 1, Town of Hempstead,* 42 AD2d 782). As to the failure to give the petitioner the 30-day notice from January 18, 1973 through February 17, 1973 pursuant to section 3019-a as found by the commissioner, he determined that the appropriate remedy was not reinstatement, but, rather, a payment of salary for such 30-day period.

The petitioner seeks by way of article 78 a review of the decision solely upon the question of whether or not the statute has mandated the payment of salary until 30 days after compliance with section 3031 by application of 3019-a. Since this involves solely a question of law and the commissioner's construction thereof, the matter is reviewable. (Cf. Education Law, § 310.) However, it does not appear that the construction of section 3019-a as merely requiring a payment of salary from the date of the board's action until the date of separation is erroneous. As noted in the *Rathbone* case *(supra)*, the original termination is not nullified by virtue of the failure to comply with section 3031 and, accordingly, the mandated compliance with its procedures which requires a new vote does not in and of itself change the actual date of termination of services. The primary impact of section 3019-a upon a school district is to provide a teacher with 30 days of paid salary which is nothing more than transitional aid to the teacher. Of course, section 3019-a obviously provides a mechanism which insures a teacher actual notice of the termination so that he may seek other means of support. However, it does not appear that, in view of the broad power of school districts to terminate the services of probationary teachers, the Legislature intended compliance with section 3019-a to be a condition precedent to effective termination. Notably, section 3019-a was enacted in 1960, some 12 years prior to the procedure established in 1972 by section 3031.

The record in this case establishes that the petitioner was made aware of his prospective termination more than 30 days before the initial termination date and it does not appear that he was prejudiced by any failure to receive formal notification of the board's action. The statutes do not establish a basis for mandatory reinstatement of a teacher for a failure of a district to comply with section 3019-a and, accordingly, it cannot be found that the commissioner's decision was arbitrary.

The judgment should be reversed, on the law, the determination confirmed, and the petition dismissed, without costs.

GREENBLOTT, MAIN, LARKIN and REYNOLDS, JJ., concur.

Judgment reversed, on the law, determination confirmed, and petition dismissed, without costs.