Memorandum. Order of the Appellate Division affirmed, without costs. By statute enacted April 9, 1971, effective May 9, 1971, the statutory probationary term for secondary school teachers, among others, was extended from three to five years (Education Law, § 3012, subd 1, as amd by L 1971, ch 116, § 1). Although the school board had previously decided to deny petitioner tenure, the new statute caused the board to withhold its decision, in order to evaluate further petitioner’s performance. Consequently, the board did not give petitioner notice of denial of tenure by May 1 of his "third year” (1971), the limiting date fixed by the collective agreement between the Central Islip Teachers’ Association and the school board. Instead, the school superintendent sent petitioner a letter dated April 28, 1971, notifying him of the extension of his probationary term and that no recommendation with respect to tenure would be currently appropriate. His principal later told him that he was being retained without tenure for further evaluation, and that otherwise tenure would have been denied. Petitioner, for obvious reasons, did not object to this arrangement.
On July 1, 1971, the Legislature suspended the effective date of the five-year extension statute until October 1, 1971 (L 1971, ch 1102). Thus, teachers, such as petitioner, whose probationary terms would expire on September 1, 1971, would, *689 under the old statute, acquire tenure by acquiescence on that date. Faced with this dilemma, with respect to petitioner, on July 26, 1971 the board decided to deny tenure and terminate his employment. Petitioner was so notified by letter dated July 27, 1971. Of course, the May 1 deadline for the notice required by the collective agreement had since passed.
An agreement must be construed according to the intent of the parties (see, e.g., Madawick Contr. Co. v Travelers Ins. Co., 307 NY 111, 119; 10 NY Jur, Contracts, § 192, and cases cited). In the instant case, the collective agreement makes plain that the parties contemplated a three-year statutory probationary period: the parties agreed that notice of denial of tenure must be given "by May 1st of [a probationary teacher’s] third year”.
The action of the Legislature on April 9, 1971 in extending the statutory probationary term from three to five years, altered a material circumstance assumed to exist by both parties at the time of the agreement, namely, that the "third year” of probation would be the last year. In view of this development, the board was relieved of its obligation under the agreement to notify petitioner of denial of tenure by May 1 of petitioner’s "third year”. This is because the giving of notice by that date, although not literally impossible, would have been frustrative of the notice provisions of the collective agreement and of the statutory purpose in extending petitioner’s probation, and thus contrary to his benefit (see Marks Realty Co. v Hotel Hermitage Co., 170 App Div 484, 485; Restatement, 2d, Contracts [TD No. 9, 1974], Intro Note to Ch 11, at pp 42-43, §§ 285, 289; cf. Buffalo & Lancaster Land Co. v Bellevue Land & Improvement Co., 165 NY 247, 253-254; Stewart v Stone, 127 NY 500, 507; 6 Williston, Contracts [rev ed], §§ 1954, 1957; 10 NY Jur, Contracts, §§359, 373). Indeed, upon being told of the extension of his probationary term, petitioner voiced no objection, as he hardly would in the light of the imminent determination to deny him tenure.
The board was not, however, relieved of its obligation to give petitioner notice at the first available opportunity. With the later passage of another statutory change, effective July 2, 1971, in the probationary term, which had the effect of reverting petitioner to three-year probationary status, the board was obliged to give notice at the earliest available opportunity. This it did by termination letter, dated July 27.
A still later statute reconstituted petitioner’s probationary term from three to almost four years (L 1972, ch 953, § 5). *690 However, notice of termination had been given long before the new expiration date of petitioner’s probationary term. Thus, petitioner’s employment had been properly terminated by the board on July 27, 1971.
Chief Judge Breitel and Judges Jasen, Jones and Fuchs-berg concur in memorandum; Judges Gabrielli, Wachtler and Cooke dissent and vote to reverse on the dissenting memorandum by Mr. Justice Fred J. Munder at the Appellate Division (46 AD2d 901).
Order affirmed.