■ In the Matter of JOAN FORMAN, Respondent, v HARVEY B. SCRIBNER, as Chancellor of the City School District of the City of New York, et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel appellants to grant petitioner-respondent a permanent appointment as a regularly licensed teacher in the New York City Public School System as of July 1, 1972, the appeal is from a judgment of the Supreme Court, Kings County, dated October 22, 1975, which, *inter alia,* directed appellants to make such appointment, retroactive to August 2, 1972. Judgment reversed, on the law, and proceeding dismissed on the merits, without costs or disbursements. On February 2, 1970 the petitioner received a regular teaching appointment in the New York City Public School System. At that time, pursuant to the Education Law, the probationary period was three years. However, as a result of the petitioner's previous service as a regular substitute teacher, she received one-half year "Jarema credit", which reduced her probationary period to two and one-half years. Thus, her eligibility date for regular appointment was fixed as August 2, 1972. In May, 1971 the statutory probationary period was extended by the Legislature to five years; this had the effect of extending the petitioner's eligibility date for permanent appointment to August 2, 1974. However, on June 8, 1972 the original probationary period of three years was restored to personnel, such as the petitioner, who had been appointed prior to May 9, 1971. Thus, her eligibility date reverted to August 2, 1972. On July 11, 1972 the petitioner was notified that she would not be recommended for tenure. The petitioner contends that she acquired tenure since that notification was not given to her at least 60 days prior to the end of her probationary period as required under subdivision 1 of section 2573 of the Education Law. When the

Legislature reduced the statutory probationary period from five to three years on June 8, 1972, it waived the 60-day notice requirement with respect to those persons whose probationary period began prior to May 9, 1971 and which had expired or was to expire subsequent to May 9, 1971, and on or before June 30, 1972. The probationary period of these persons was deemed to expire on June 30, 1972 and any such person who was not to be recommended for tenure was to be notified not later than July 31, 1972 (L 1972, ch 953, § 5). The petitioner was not affected by the extension clause since her probationary term did not expire until after June 30, 1972. However, the appellants complain, and we believe validly so, that it would have been impossible to meet the 60-day notice requirement with respect to the petitioner. On June 2, 1972 two years and 60 days remained of her probationary period. Yet on June 8, 1972, when the statutory probationary period was reduced from five to three years, only 54 days remained until her probationary period expired. It is extremely unlikely that the Legislature intended to exclude the petitioner, and those similarly situated, from coming within the extension clause, which permitted notification up until July 31, 1972 that tenure would not be recommended. No reason has been put forth why the Legislature would want to do so. The most likely explanation is that it was an oversight on the Legislature's part. To hold otherwise would mean, in effect, that the Legislature was mandating that the petitioner, and others similarly situated, be automatically granted tenure whether or not they deserved it. It should be noted that the petitioner was, in fact, notified that she would not be recommended for tenure within the additional time granted by the Legislature. Also worthy of note is what was said by the Court of Appeals in *Matter of Nash v Board of Educ.* (38 NY2d 686), wherein the Legislature had, on another occasion (July, 1971), in effect reduced the statutory probationary term from five to three years. The Legislature had not, as here, made any provision for an extension of time within which to notify a teacher that he would not be recommended for tenure and, as a result of the reduction in the probationary period, notice could not have been given at least 60 days prior to the end of the probationary period. The Court of Appeals held that the notice must be given at the "first available opportunity" *(supra,* p 689). We find here that notice was given to the petitioner at the "first available opportunity", and that she therefore received timely notification that she would not be recommended for tenure. Accordingly, her employment was properly terminated. Hopkins, J. P., Margett, Damiani and Rabin, JJ., concur.