In the Matter of EMANUEL SORGE, Appellant, v BOARD OF HIGHER EDUCATION IN THE CITY OF NEW YORK et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel respondents to reinstate petitioner to his teaching position, with tenure, petitioner appeals from a judgment of the Surpeme Court, Richmond County, dated September 8, 1976, which dismissed the petition. Judgment affirmed, without costs or disbursements, on the opinion of Mr. Justice Garbarino. In addition, we note that the cases of *Matter of McGill v D'Ambrose* (58 AD2d 604) and *Matter of Nash v Board of Educ.* (38 NY2d 686) are applicable. Cohalan, J. P., Damiani, Hawkins and Mollen, JJ., concur.

In the Matter of TOWN OF ISLIP, Petitioner, v PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Respondent.—Proceeding pursuant to section 128 of the Public Service Law, to review respondent's determination dated August 9, 1976, which, *inter alia,* granted a certificate of environmental compatibility and public need to Long Island Lighting Company for the construction of specified electric transmission facilities.. Determination confirmed, and petition dismissed on the merits, without costs or disbursements. The determination under review is supported by substantial evidence and is not arbitrary, capricious or an abuse of discretion. The hearing examiner did not err in grouping the Towns of Islip and Smithtown together for the limited purpose of the testimony of one Dr. Chang. Since he was produced by the Town of Smithtown, the Town of Islip was properly denied the right to cross-examine him. Hopkins, J. P., Suozzi, Mollen and O'Connor, JJ., concur.

In the Matter of TOWN OF OYSTER BAY, Petitioner, v LONG ISLAND LIGHTING COMPANY et al., Respondents.—Proceeding pursuant to CPLR article 78 to review so much of a determination of the respondent Public Service Commission, dated August 9, 1976, as permits construction and installation of overhead electric power lines within the Town of Oyster Bay. Determination confirmed insofar as reviewed and proceeding dismissed on the merits, without costs or disbursements. The determination under review is supported by substantial evidence and is not arbitrary, capricious or an abuse of discretion. Hopkins, J. P., Suozzi, Mollen and O'Connor, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM FRANCIS COMICZ, Appellant.—Appeal by defendant from a judgment of the County Court, Orange County, rendered June 4, 1976, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence. Judgment reversed, on the law, sentence vacated and case remanded to the County Court for resentencing, at which time the County Court shall determine whether defendant is a youthful offender (see *People v Drummond* 40 NY2d 990). It appears from the record and is conceded in the People's brief on this appeal that the ·issue of the invalidity of the youthful offender statute was preserved by the colloquy between the court and defense counsel at the time of the sentencing. Hopkins, J. P., Shapiro, Suozzi and Mollen, JJ., concur.