■ ATTILIO RICCA, Respondent, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the Board of Education of the City School District of the City of New York to reinstate petitioner to his former position, with back pay and other accrued emoluments, if any, from the date of the termination of his services, the appeals are (1) from a judgment of the Supreme Court, Richmond County, dated November 8, 1976, which granted the petition and (2) as limited by appellants' brief, from so much of an order and amended judgment (one paper) of the same court, dated June 30, 1977, as upon reargument, adhered to the prior determination and retained the court's jurisdiction to oversee execution and satisfaction of the judgment. Appeal from the judgment dated November 8, 1976 dismissed, without costs or disbursements. That judgment was superseded by the order and amended judgment made upon reargument. Order and amended judgment reversed insofar as appealed from, on the law, without costs or disbursements, and proceeding dismissed on the merits, except that it is adjudged that petitioner is entitled to an additional five days' pay, with interest thereon from the date of the termination of his services, and the proceeding is remanded to Special Term for entry of an appropriate amended judgment in accordance herewith. We disagree with the views of Special Term that a substitute teacher subsequently licensed as a regular teacher pursuant to section 2569-a of the Education Law, may acquire credit, for the purpose of tenure, for time satisfactorily served in a full-time position, after issuance of the license but prior to formal appointment by the board of education. Section 2569-a of the Education Law mandates a three-year probationary period for appointees "which shall not be reduced by reason of any prior substitute service." Nor can it be argued that petitioner acquired tenure by acquiescence and estoppel by virtue of certain actions taken by school officials contrary to the provisions of the Education Law on which he relies. "tenure by acquiescence and estoppel may only be acquired through actual service beyond the term of probation" *(Matter of Mugavin v Nyquist,* 48 AD2d 727, 728). Finally, the time served prior to petitioner's formal appointment but after issuance of his regular teaching license "amounted only to 'an assignment, accepted voluntarily, in

which there has been no exercise of an appointing power by the Board' *(Matter of Board of Educ. v Nyquist* [31 NY2d 468] *supra,* p 474). As such, his service in the position, regardless of its duration, did not entitle him to tenure under section 2573 of the Education Law" (see *Matter of Markon v Ambach,* 58 AD2d 666, 667). Petitioner herein was, however, deprived of the full 60 days' notice which he was entitled to receive prior to his termination, pursuant to section 2573 (subd 1, par [a]) of the Education Law; he was given only 55 days' notice. As the purpose of the notice provision "is one of fairness and to accord probationary teachers a reasonable period of time, prior to expiration of their probationary period, to enable them to make appropriate plans for the forthcoming school term" *(Pavilion Cent. School Dist. v Pavilion Faculty Assn.,* 51 AD2d 119, 123), the petitioner is entitled to five days' pay, with interest thereon, from the date of the termination of his services (see *Matter of Zunic v Nyquist,* 48 AD2d 378, affd 40 NY2d 962). Hopkins, J. P., Martuscello, Rabin and Hawkins, JJ., concur.