OPINION OF THE COURT
Hancock, Jr., J.
Education Law § 2573 (1) (a) provides that "[e]ach person who is not to be recommended for appointment on tenure shall be so notified by the superintendent of schools in writing not later than sixty days immediately preceding the expiration of his probationary period.” In this case, petitioner was denied tenure based upon acts of corporal punishment which she allegedly committed less than 60 days before the expiration of her probationary period. The issue is whether in these circumstances pursuant to section 2573 (1) (a) petitioner is entitled to an award of pay for each day respondents’ notice was late. For the reasons stated below, we conclude that petitioner is entitled to pay corresponding to the number of days for which she was not provided the statutory 60 days of notice.
I.
In June 1987, petitioner Maria Tucker was appointed by respondents, the Board of Education for Community School District No. 10 and the school district’s superintendent, as a probationary special education teacher. Petitioner’s three-year probationary period was to expire on June 15, 1990, at which time she would either receive tenure or be terminated.
On May 24, 1990, just 22 days before the end of her probationary period, petitioner is alleged to have committed acts of corporal punishment by cutting the hair of three of her students and to have used a racial epithet in talking to one of her students. After an investigation, petitioner’s principal recommended to the school superintendent that petitioner be denied tenure. Petitioner was formally notified by the superintendent by letter dated June 1, 1990, that she would be denied tenure and that her services would be terminated at the end *277 of her probationary period. Petitioner received this letter on June 6, 1990, eight days before this period was to end.
Petitioner commenced this CPLR article 78 proceeding seeking to annul respondents’ determination denying her 52 days’ salary. Supreme Court granted the petition and awarded petitioner 52 days’ pay. The Appellate Division affirmed, concluding that although the claimed misconduct that led to petitioner’s dismissal occurred only 22 days before her probationary period was due to expire and respondents were expeditious in giving her notice of denial of tenure, section 2573 (1) (a) permitted no exception to its 60-day notice requirement; thus, petitioner was entitled to the relief sought (189 AD2d 704). The dissent stated that because the notice was provided at the earliest possible opportunity, the award of additional pay was an unfair penalty for the Board which had not acted negligently (id,., at 705). This Court granted respondents’ motion for leave to appeal. We now affirm.
II.
Education Law § 2573 (1) (a) provides that "[e]ach person who is not to be recommended for appointment on tenure shall be so notified by the superintendent of schools in writing not later than sixty days immediately preceding the expiration of his probationary period.” That section also provides that the service of a probationary teacher "may be discontinued at any time during such probationary period, on the recommendation of the superintendent of schools, by a majority vote of the board of education.” In conjunction with this latter requirement of section 2573 (1) (a), section 3019-a mandates that "[s]chool authorities or such boards which desire to terminate the services of a teacher during the probationary period shall give a written notice thereof to such teacher at least thirty days prior to the effective date of such termination of services.” Thus, as specified by these statutory provisions, whenever a probationary teacher’s services are discontinued, whether by denial of tenure at the end of the probationary period or by termination of services before the end of the probationary period, the teacher has a right to 30- or 60-day notice, as provided in the statutes.
The statutes do not specify a remedy for violation of the notice requirements (see, Matter of Brida, 11 Ed Dept Rep 76, 77, affd 69 Misc 2d 900 [Sup Ct, Albany County]; Matter of McDaniel, 12 Ed Dept Rep 182, 183). The courts and the State *278 Commissioner of Education, however, have consistently held that teachers are awarded one day’s pay for each day the notice was late (see, e.g., Matter of Zunic v Nyquist, 48 AD2d 378, 380, affd 40 NY2d 962; Ricca v Board of Educ., 62 AD2d 987, 988, revd on other grounds 47 NY2d 385; Matter of Pascal v Board of Educ., 100 AD2d 622, 624; Matter of Lehman v Board of Educ., 82 AD2d 832, 834; Matter of Gordon, 24 Ed Dept Rep 277, 279; Matter of Rossi, 15 Ed Dept Rep 363, 365; Matter of Brown, 12 Ed Dept Rep 109, 110; Matter of Bourke, 12 Ed Dept Rep 261, 263; Matter of Slater, 12 Ed Dept Rep 275, 277). The foregoing decisions concern cases where the school board’s failure to provide the required notice was intentional or due to an oversight. The question presented is whether section 2573 (1) (a) should be applied differently where, as here, the failure was due to the timing of events over which the board had no control. We conclude that it should not.
When statutory language is unambiguous, a court will ordinarily give effect to the plain meaning of the words and apply the statute according to its express terms (Patrolmen’s Benevolent Assn. v City of New York, 41 NY2d 205, 208; Matter of Albano v Kirby, 36 NY2d 526, 530). Thus, where, as in this case, the statute unequivocally describes in general terms the particular situation in which it is to apply and nothing indicates a contrary legislative intent, the courts should not impose limitations on the clear statutory language (see, Matter of Di Brizzi [Proskauer], 303 NY 206, 214; McKinney’s Cons Laws of NY, Book 1, Statutes § 114). Education Law § 2573 (1) (a) does not provide for any exception to its 60-day tenure denial notice requirement; hence, we conclude that the Legislature did not intend to provide any exception (id.).
Nonetheless, respondents argue that giving effect to section 2573 (1) (a)’s unequivocal language should be avoided in this case because the timing of the commission of the offenses which justified petitioner’s termination made it impossible for the Board to provide the requisite notice, and that it would be absurd and unreasonable to hold the Board responsible for not doing what it could not do (see, New York State Bankers Assn. v Albright, 38 NY2d 430, 436-437). We disagree. The purpose of the statute’s 60-day notice requirement is to afford probationary teachers a reasonable period of time, before the end of their probationary period, to make plans for the upcoming school year. It is a rule founded on reasons of practicality and fairness to probationary teachers (see, Matter of Weinbrown v *279 Board of Educ., 28 NY2d 474, 477; Ricca v Board of Educ., 62 AD2d 987, 988, revd on other grounds 47 NY2d 385, supra; Pavilion Cent. School Dist. v Pavilion Faculty Assn., 51 AD2d 119, 123, Iv dismissed 42 NY2d 961). We see nothing in the statute or its legislative history that persuades us to read in an exception which would be contrary to the statute’s broader purpose of providing probationary teachers with minimal notice of tenure denials to enable them to seek other employment (see, State Dept of Civil Service Mem, Bill Jacket, L 1958, ch 839; letter from T. F. Kuper, id.). We conclude that, although the Board’s failure to provide the required notice was occasioned by the timing of events over which it had no control, giving effect to its plain language would be entirely reasonable. A contrary conclusion would undercut the protective purpose of the notice provision.*
We reject respondents’ further argument that it would be unjust to reward a teacher who has brought about her own termination through misconduct by giving her the benefit of the notice provision at the taxpayers’ expense and that the Legislature could not have intended this anomalous result. While, to be sure, teacher misconduct may not be a common reason for denying tenure, again we find no basis in the statutory language or legislative history to support respondents’ proposed exception. Moreover, we do not agree that requiring compliance with section 2573 (1) (a) in cases of tenure denial for alleged misconduct is unfair. Probationary teachers who are to be terminated do not have protection of a hearing procedure and as a general rule are subject to termination at any time for any reason (see, Matter of Cohoes City School Dist. v Cohoes Teachers Assn., 40 NY2d 774, 777; Matter of Lezette v Board of Educ., 35 NY2d 272, 278). Thus, it is a reasonable assumption that the Legislature, being cognizant of this lack of protection for probationary appointees, concluded that probationers should at least be given the protection of the required notice before a tenure denial. To construe the statute as respondents would have us, would mean that a teacher could be denied tenure without the *280 protection of section 2573 (1) (a)’s notice requirement upon the mere allegation of misconduct, even if groundless.
Finally, our conclusion is supported by the related statutory provision that if a probationary teacher’s services are to be terminated before the end of the probationary period — for reasons other than tenure denial — 30 days’ notice is also required (Education Law § 3019-a). Like section 2573 (1) (a), section 3019-a — which it can be assumed is the usual vehicle for misconduct terminations — provides no exception to its notice provision for a termination based upon misconduct. These provisions read together evince a legislative concern that a probationary teacher — although subject to termination without a hearing — should not be deprived of the protection of a notice requirement when the termination is based on allegations of misconduct.
In sum, we conclude that section 2573 (1) (a) requires 60 days’ notice whenever a probationary teacher is being denied tenure irrespective of the reasons for the tenure denial or when those reasons arise.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Levine concur.
Order affirmed, with costs.

 Respondents’ reliance on Matter of Nash v Board of Educ. (38 NY2d 686) is misplaced. In Nash, the school board did not provide the probationary teacher the notice of tenure denial required under the parties’ collective agreement because legislative changes to the length of the probationary term relieved the board of its notice obligation (id., at 689). Here, by contrast, there was no legislative action which relieved respondents of their statutory duty to provide 60 days’ notice.