| **Zapata v Board of Educ. of the City Sch. Dist. of the City of N.Y.** |
|:---:|
| 2025 NY Slip Op 30628(U) |
| February 21, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 160175/2024 |
| Judge: Phaedra Perry-Bond |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:** **HON. PHAEDRA F. PERRY**

*Justice*

**PART** **35**

-----------------------------------------------------------------------X

MARYANN ZAPATA,

Petitioner,

- v -

BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, DAVID C. BANKS IN HIS OFFICIAL CAPACITY AS CHANCELLOR OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK

Respondents.

-----------------------------------------------------------------------X

**INDEX NO.** 160175/2024

**MOTION DATE** 01/23/2025

**MOTION SEQ. NO.** 001

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 4, 5, 6, 7, 8 were read on this motion to/for _____ARTICLE 78 (BODY OR OFFICER)_____.

Petitioner, Maryann Zapata ("Petitioner") brings this petition pursuant to CPLR Article 78 seeking an order and judgment (1) declaring that the Board of Education of the City School District of the City of New York ("Board") (also known as the Department of Education of the City of New York) and David C. Banks, in his official capacity as Chancellor of the City School District of the City of New York (collectively "Respondents"), engaged in conduct that was arbitrary, capricious, an abuse of discretion, affected by an error of law and violated a duty enjoined upon them when Respondents failed to provide Petitioner, with sixty (60) days written notice prior to the termination of her employment as a probationer, (2) directing Respondents to pay petitioner all salary, benefits, and other emoluments of employment that petitioner would have received had Respondents not unlawfully terminated her on July 1, 2024, together with interest and costs, attorneys' fees and disbursements and (3) for such other further and different relief this Court may deem just and proper.

**160175/2024 ZAPATA, MARYANN vs. BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK ET AL**
**Motion No. 001**

**Page 1 of 4**

1 of 4

## BACKGROUND

Petitioner was appointed as a probationary teacher on September 4, 2028 and assigned to the Thomas C. Giordano Middle School located within District 10 of Bronx, New York until her services were discontinued effective July 1, 2024. Petitioner would have completed probation on or about May 20, 2024.

On April 15, 2024, Petitioner received an email from the principal stating that she was being denied tenure. The email attached a letter dated March 21, 2024 entitled, Denial of Completion of Probation Letter ("Letter") which stated:

> This is to inform you that in accordance with Section 2573 Subdivision 1 of the State Education Law; I am denying your Certification of Completion of Probation with the New York City Department of Education. Under the Collective Bargaining Agreement between the Department of Education and the United Federation of Teachers, you are entitled to the review procedures as prescribed in Article 4, Section 4.3.3 C of the Bylaws of the Department of Education. Please be advised that your service under this appointment shall terminate as of the close of business 60 days from the date of this letter or the probation completion date listed above, whichever occurs first.

The March 21, 2024, letter, was not sent to the Petitioner prior to the April 15, 2024, email. The Petitioner remained employed beyond the May 20, 2024, probation completion date listed in the Letter.

Petitioner's services were discontinued on July 1, 2024, but Petitioner did not learn of her discontinuance until July 10, 2024, through the employment information system where her employment status was listed as terminated effective July 1, 2024.

**160175/2024   ZAPATA, MARYANN vs. BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK ET AL Motion No. 001**

Page 2 of 4

[* 2]

2 of 4

On September 5, 2024, Petitioner timely filed a Notice of Claim with Respondents. To date, Respondents have not made any payment on Petitioner's claims.

Petitioner filed the instant action on October 31, 2024, alleging, *inter alia* that the Board engaged in conduct that was arbitrary, capricious, an abuse of discretion, affected by law, and that they violated Education Law §2573(1)(a) by failing to notify Petitioner in writing sixty (60) days immediately preceding the expiration of her probationary period that her employment with the Board would be discontinued. The Respondents did not submit opposition to the petition

DISCUSSION

Education Law § 2573(1)(a) reads in pertinent part: "Each person who is not to be recommended for appointment on tenure shall be so notified by the superintendent of schools in writing not later than sixty days immediately preceding the expiration of his probationary period." (*Tucker v. Board of Educ.*, 82 N.Y.2d 274 [1993]). The purpose underlying these notice provisions is to allow teachers whose services are to be discontinued a period of time to seek other employment (*Matter of Zunic v Nyquist*, 48 AD2d 378, 380, 370 NYS2d 228 [3d Dept 1975], affd on op below 40 NY2d 962, 359 NE2d 427, 390 NYS2d 919 [1976]). Education Law § 2573(1)(a) does not specify a remedy for violation of the notice requirements; however, it has been consistently held that the remedy is that teachers are awarded one day's pay for each day the notice was late]; (*Kahn v. New York City Dept. of Educ.*, 79 AD3d 521, 522, 915 N.Y.S.2d 26 [1st Dept 2010] [although the notice of termination was procedurally defective for failure to provide 60 days' prior notice of discontinuance, as required by Education Law § 2573(1)(a), that defect does not invalidate the discontinuance or render the statute of limitations inapplicable; it entitles a teacher to additional back pay]).

In the instant matter, Petitioner was notified she was being denied tenure via email on April 15, 2024. That same email contained a letter dated March 21, 2024, entitled, Denial of Completion of Probation Letter. That letter informed the Petitioner that she was being denied tenure, that she was entitled to the review procedures and that her service would terminate at the close of business, 60 days from the date of the letter or the probation completion, (whichever was first) May 20, 2024. Notably, Petitioner never received the March 21, 2024, letter until the

**160175/2024 ZAPATA, MARYANN vs. BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK ET AL**
**Motion No. 001**

Page 3 of 4

3 of 4

[* 3]

April 15, 2024, email was sent to her. Indeed, attaching the back dated letter does not satisfy the requirement for the 60-day notice required. As Respondents did not submit opposition to this motion, it is unclear why the March 21, 2024, letter was not timely sent to the Petitioner.

The Petitioner continued in her position past May 20, 2024, thus rendering the April 15, 2024, notification null and void. Petitioner was later notified on July 10, 2024, via the Respondent's employment information system that her employment was terminated effective July 1, 2024. It is obvious that Petitioner did not receive the requisite 60 notification, which should have been sent on or before May 2, 2024. The 60-day notice is mandatory, there are no exceptions and the Respondents' failure to comply was a violation of Education Law 2573(1)(a).

Accordingly, it is

ORDERED that the petition is granted with costs, and it is further

ADJUDGED that Respondent Board failed to provide proper notice to Petitioner that it was discontinuing her probationary service on July 1, 2024, and it is further

ADJUDGED that Respondents violated Education Law 2573(1)(a) by failing to provide Petitioner with the requisite 60-day notice and it is further

ORDERED Respondents are directed to pay Petitioner back two months' salary with interest, along with all benefits and emoluments of employment that she would otherwise received, and it if further,

ORDERED that counsel for Petitioner shall serve a copy of this order on all parties along with notice of entry within ten (10) days; and it is further

ORDERED that Respondents are directed to make payment within 20 days of receipt of a copy of this Decision, Order and Judgment.

This constitutes the Decision and Order of the Court.

Enter: 2/21/25

PHAEDRA PERRY-BOND, J.S.C.

HON.        RA F. PE
                    J.

**160175/2024  ZAPATA, MARYANN vs. BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK ET AL
Motion No. 001**

Page 4 of 4

[* 4]

4 of 4