| **Robinson v Board of Educ. of the City Sch. Dist. of the City of N.Y.** |
|:---:|
| 2025 NY Slip Op 30712(U) |
| March 3, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 153854/2024 |
| Judge: Lynn R. Kotler |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**    <u>HON. LYNN R. KOTLER</u>      **PART**      **08**

*Justice*

------------------------------------------------------------------X

OTIS ROBINSON,

                            Petitioner,

                  - v -

BOARD OF EDUCATION OF THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW YORK, DAVID C BANKS

                          Respondent.

------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 153854/2024 |
| **MOTION DATE** | 04/25/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 12, 13, 14, 16, 17, 18, 19, 20, 21, 22, 23

were read on this motion to/for       <u>ARTICLE 78 (BODY OR OFFICER)</u> .

Upon the foregoing documents, this motion is decided as follows.

This is a CPLR Article 78 proceeding arising from the termination of Otis Robinson ("Robinson") by the BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK ("BOE") and David C Banks, Chancellor of the BOE, (collectively, the "Respondents") from Robinson's probationary teaching position without providing sufficient notice. Robinson petitions for an order pursuant to Article 78 directing the respondents to provide thirty-three days of back pay for violating Education Law § 2573(1)(a) along with attorney's fees. Respondents arguing in opposition that the decision to terminate Robinson was not arbitrary and capricious, that based on the date of notice Robinson is only entitled to thirty-one days of back pay, and that Robinson is not entitled to attorney's fees. For the reasons that follow, the petition is granted to the extent that Robinson is owed thirty-three days of back pay.

<u>Facts</u>

153854/2024 ROBINSON, OTIS vs. BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT
OF THE CITY OF NEW YORK ET AL
Motion No. 001

Page 1 of 7

The relevant facts, which are based on the Verified Petition and the Verified Answer, are as follows. On September 9, 2021, Robinson was hired by the respondents to a probationary teaching position in biology and general science at the Transit Tech Career and Technical Education High School in Brooklyn, New York. On February 10, 2023, Robinson entered into an agreement with Janice Ross, superintendent of the BOE, to extend his probationary period an additional year, beginning on February 15, 2023, and concluding on February 15, 2024.

On January 17, 2024, Ross sent a letter to Robinson informing him that his probationary appointment would be terminated sixty days from the date of the letter or the agreed end of the probationary period, whichever was sooner. Robinson provided USPS tracking information on the package showing it was delivered to and received by Robinson on January 19, 2024. Robinson's probationary service was discontinued on February 15, 2024. On April 11, 2024, Robinson filed a Notice of Claim with the respondents and filed the instant petition on April 25, 2024.

Discussion

In an Article 78 proceeding, the applicable standard of review is whether the administrative decision was made in violation of lawful procedure; affected by an error of law; or arbitrary or capricious or an abuse of discretion, including whether the penalty imposed was an abuse of discretion (CPLR § 7803 [3]). "[T]he proper test is whether there is a rational basis for the administrative orders, the review not being of determinations made after *quasi*-judicial hearings required by statute or law" (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck. Westchester County*, 34 NY2d 222, 231 [1974]) (emphasis removed); *see also Matter of Colton v. Berman*, 21 NY2d 322, 329 (1967).

**153854/2024 ROBINSON, OTIS vs. BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK ET AL** **Page 2 of 7**
Motion No. 001

2 of 7

"Arbitrary action is without sound basis in reason and is generally taken without regard to the facts" (*Matter of Pell*, 34 NY2d at 231; *see also Matter of Wooley v New York State Dept. of Correctional Servs.*, 15 NY3d 275, 280 [2010]; *Matter of Ferrelli v State of New York*, 226 AD3d 504, 504 [1st Dept 2024]). If the agency determination is supported by a rational basis, it must be upheld even if a different conclusion could have been reached by the court (*Matter of Ferrelli*, 226 AD3d at 504; *see also Matter of Peckham v Calogero*, 12 NY3d 424, 431 [2009]).

Pursuant to Education Law § 2573(1)(a), any employee appointed under this clause "may be discontinued at any time during such probationary period, on the recommendation of the superintendent of schools, by a majority vote of the board of education." This clause grants the respondents absolute authority to terminate a probationary employee at any time and for any reason. The same section also states that "[e]ach person who is not to be recommended for appointment on tenure shall be so notified by the superintendent of schools in writing not later than sixty days immediately preceding the expiration of such person's probationary period" (Education Law § 2573[1][a]). It is well established that even though Education Law § 2573(1)(a) does not specify a remedy for violating the notification requirement, probationary teachers must be compensated for each day that the notice was late (*Matter of Tucker v Board of Educ., Community School Dist. No. 10*, 82 NY2d 274, 278 [1993]; *Matter of Vetter v Board of Educ., Ravena-Coeymans-Selkirk Cent. School Dist.*, 14 NY3d 729, 731 [2010]; *Matter of Finkelstein v Board of Educ. of the City Sch. Dist. of the City of N.Y.*, 150 AD3d 464, 465-66 [1st Dept 2017]).

Robinson argues that respondents violated Education Law § 2573(1)(a) by not providing the statutorily required sixty days notice and therefore he is owed thirty-three days of back pay. Respondents contend that the decision to end the probationary employment was not arbitrary and

**153854/2024 ROBINSON, OTIS vs. BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT**      Page 3 of 7
**OF THE CITY OF NEW YORK ET AL**
**Motion No. 001**

capricious and that Robinson is only owed thirty-one days of back pay based on the date of the letter informing him of his termination.

Robinson does not argue that the respondents' decision to terminate him should be reversed or that he was fired in an impermissible manner. Rather, Robinson asserts that he received insufficient notice and that he is entitled to back pay for the days his notice was late. Respondents agree that Robinson is entitled to back pay, however the parties disagree on the number of days. While Robinson asserts that notice was given when he received the letter on January 19, 2024, respondents argue that notice was given on January 17, 2024, when the letter was dated.

Respondents cites *Matter of Frasier v Board of Educ. of City School Dist. of City of N.Y.* as evidence that the date of notice is the date of the letter (71 NY2d 763, 768 [1988]). In *Frasier*, the Court of Appeals referenced the date on the letter as the date of notice a probationary teacher was terminated (*id.*). *Frasier* is distinguishable, however, as both the date the letter was sent and received were outside of the sixty-day period and using either date would have resulted in adequate notice (*id.*).

Respondents also argue that *Pak v New York City Dept. of Educ.* provides evidence that the date of the letter is used as the date of notice (22 Misc 3d 1117[A], 2009 NY Slip Op 50154[U] [Sup Ct, Kings County 2009]). Like *Fraiser*, *Pak* is not a factually analogous case. In *Pak*, the issue was when the statute of limitation would begin to run on the petitioner's Article 78 proceeding to reverse and annul the decision of the respondent (*id.* at *2). Petitioner received a letter dated February 21, 2007, informing him that he would be terminated from his probationary employment as of February 28, 2007 (*id* at *1). The court determined that the four-month statute

**153854/2024  ROBINSON, OTIS vs. BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT**          **Page 4 of 7**
**OF THE CITY OF NEW YORK ET AL**
**Motion No. 001**

[* 4]                                                              4 of 7

of limitations to begin an Article 78 proceeding began to run from the date of termination, February 28, 2007 (*id.* at *3).

Robinson correctly points out that the instant proceeding closely resembles the facts in *Tucker*, where the date used to calculate the number of days of back pay owed to petitioner used the date she received the letter, June 6, 1990, rather than the date of the letter, June 1, 1990 (82 NY2d at 276-77). "Petitioner was formally notified by the superintendent by letter dated June 1, 1990, that she would be denied tenure and that her services would be terminated at the end of her probationary period. Petitioner received this letter on June 6, 1990, eight days before this period was to end" (*id.*). Because the letter was received eight days before the sixty-day period was to expire, the Court of Appeals affirmed the Supreme Court's decision to award fifty-two days of back pay (*id.* at 277).

Robinson has provided the Court with a USPS tracking receipt showing that the letter was delivered to him on January 19, 2024 at 12:57 P.M. Respondents have not argued or provided any evidence that they informed Robinson on January 17, 2024 of their decision via alternative means. As the letter was received on January 19, 2024 by Robinson, that is the date notice was provided and the Court agrees that he is owed thirty-three days of backpay.

Robinson also argues that he is entitled to attorney's fees. While Robinson asks for these fees in his Verified Petition, he does not provide any basis for recovering these fees in his Memorandum of Law. Respondents contend that attorney's fees are not recoverable in an Article 78 proceeding absent statutory authorization.

Respondents are correct in arguing that attorney's fees are not awarded without statutory or other authorization (*see Matter of McCrudden v Putnam Val. Cent. School Dist.*, 88 AD3d 721, 722 [2d Dept 2011] ["award of an attorney's fee was not authorized by an agreement

**153854/2024  ROBINSON, OTIS vs. BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT**          **Page 5 of 7**
**OF THE CITY OF NEW YORK ET AL**
**Motion No. 001**

5 of 7

between the parties, by statute, or by Court rule"]; *Matter of A.G. Ship Maintenance Corp. v Lezak*, 69 NY2d 1, 5 [1986] ["attorneys' fees and disbursements are incidents of litigation and the prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties or by statute or court rule"]).

In Robinson's Memorandum of Law in Reply, he argues that he is entitled to the attorney's fees because they may be awarded in an Article 78 proceeding where the government agency creates an unreasonable delay (*see Matter of Acme Bus Corp. v County of Suffolk*, 136 AD3d 896, 898 [2d Dept 2016]). In the alternative, Robinson argues that awarding attorney's fees is proper where the losing party has engaged in "egregious conduct" (*see Cont. Indus. Group, Inc. v Ustuntas*, 2022 NY Slip Op 31525[U], 3 [Sup Ct, NY County 2022] *affd and mod on other grounds* 215 A.D.3d 417 [1st Dept 2023]).

The Court is not persuaded by either of Robinson's arguments for fees. There is no provision in either Article 78 or the Education Law provides an independent basis for attorney's fees in the current proceeding.

Moreover, respondents did not refuse to comply with any order or disclosure, nor were their actions in the adjourning the proceeding to further, ultimately unfruitful, settlement discussions egregious. While respondents were mistaken in their position that Robinson was only owed thirty-one days of back pay, their actions were in no way sanctionable or, as suggested by Robinson, "willfully undermin[ing] the very purpose of Education Law § 2573(1)(a)". Therefore, Robinson is not entitled to attorney's fees.

**Conclusion**

Accordingly, it is hereby

**153854/2024  ROBINSON, OTIS vs. BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT**          **Page 6 of 7**
**OF THE CITY OF NEW YORK ET AL**
**Motion No. 001**

[* 6]

6 of 7

**ADJUDGED** that the petition is granted to the extent that respondents are directed to pay Robinson thirty-three days of back pay.

Any requested relief not expressly addressed herein has nonetheless been considered and is hereby denied and this constitutes the decision and order of the court.

| 3/3/2025 | | | | |
|---|---|---|---|---|
| **DATE** | | | **LYNN R. KOTLER, J.S.C.** | |

CHECK ONE:  [X] CASE DISPOSED     [ ] NON-FINAL DISPOSITION

[ ] GRANTED    [ ] DENIED    [X] GRANTED IN PART     [ ] OTHER

APPLICATION:  [ ] SETTLE ORDER     [ ] SUBMIT ORDER

CHECK IF APPROPRIATE:  [ ] INCLUDES TRANSFER/REASSIGN     [ ] FIDUCIARY APPOINTMENT     [ ] REFERENCE

**153854/2024  ROBINSON, OTIS vs. BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK ET AL**
**Motion No.  001**

Page 7 of 7

7 of 7